**BROWN et al. v. GILMORE et al.**

No. 5025.

Court of Civil Appeals of Texas.

El Paso.

April 21, 1954.

Rehearing Denied May 12, 1954.

George Parker, Jr., Edward Kliewer, Jr., and Blalock, Clower, Lohman & Kliewer, Dallas, for appellants.

Frank C. Ashby, Bezoni & Saxe and Turpin, Kerr & Smith, Midland, for appellee.

McGILL, Justice.

This is an appeal from a judgment of the District Court of Midland County overruling the plea of privilege of appellants, who were two of the defendants in the trial court, to be sued in Tarrant County, the county of their residence.

Appellees sought to maintain venue in Midland County under Subdivision 14 of

Article 1995, Vernon's Ann.Civ.St., the venue statute.

The facts are uncontroverted. As aptly stated by appellants:

"The single question presented is whether plaintiff's first amended original petition states a cause of action for the recovery of lands or damages thereto under Subdivision 14 of Texas Revised Civil Statutes, Art. 1995."

A fair summary of the material portions of the first amended original petition appears in appellees' brief:

"In their First Amended Original Petition, appellees as plaintiffs sue appellants Mrs. Docia Brown and husband, and also Mrs. Eloise Waters (Mrs. Brown's sister) and husband, and Mrs. Dora Roberts (Mrs. Brown's mother), as defendants, alleging the following:

"(a) That by deed dated January 16, 1939, C. O. McCauley, et al, conveyed a certain section of land in Midland County to defendant Mrs. Roberts, reserving unto the grantors one-half of all oil and gas royalties for a period of 15 years and as long thereafter as oil or gas are produced in paying quantities, Mrs. Roberts, the grantee, being given full authority to make oil and gas leases covering the land without the joinder of the grantors therein (such reservation being quoted in full in the petition.)

"(b) That the reserved royalty was subsequently conveyed to the plaintiffs and is now owned by them.

"(c) That by deed dated January 12, 1953, defendant Mrs. Roberts conveyed the land to defendants Mrs. Brown and Mrs. Waters, subject to such royalty reservation.

"(d) That from January 16, 1939 to January 12, 1953, Mrs. Roberts had full and exclusive authority to make oil and gas leases covering said land; and from January 12, 1953 to the date of filing this suit, Mrs. Brown and Mrs. Waters had full and exclusive authority to make such leases.

"(e) That the deed of January 16, 1939, created a relationship of trust and confidence between the parties to said deed and their successors in interest in that the grantors reserved a royalty interest and the grantee acquired the exclusive right and privilege of leasing the land.

"(f) That the land has remained unleased and there has been no exploration or drilling for or production of oil or gas.

"(g) That during the year 1952, because of favorable geological indications, a market arose for oil and gas leases on the land, and qualified oil operators were willing to drill and explore for oil and gas on such land and attempted to negotiate the purchase of oil and gas leases covering same, but the defendants failed and refused to lease such land, in complete disregard of plaintiffs' rights and with the intention of depriving plaintiffs of their rights under the royalty reservation.

"(h) That Mrs. Roberts' refusal to lease was based upon her desire to deprive plaintiffs of their rights by delaying the leasing until after January 16, 1954, and thereby to enrich herself unjustly by failing to perform the duties imposed upon her by the royalty reservation.

"(i) That Mrs. Roberts' daughters, Mrs. Brown and Mrs. Waters, expected eventually to acquire the land and conspired and agreed between themselves and with their mother to delay the leasing and exploration until after the 15 year term.

"(j) That upon obtaining title to the land by the deed of January 12, 1953, Mrs. Brown and Mrs. Waters entered into a written agreement that neither of them would lease said land for oil

and gas purposes without the consent and joinder of the other, and that such agreement was made with the intention and understanding between them to delay such leasing until after the expiration of said 15-year term in an effort to enrich themselves unjustly by wrongfully acquiring the royalty interests of these plaintiffs in violation of the duties assumed by said defendants.

"(k) That since Mrs. Brown and Mrs. Waters acquired said leasing rights, there has been and still is a market for the leasing of said land under terms that would result in an exploratory well, and that such a lease would have resulted in the production of oil and gas prior to expiration of said 15-year term.

"(l) That the defendants have failed and refused to exercise their leasing rights and have thereby breached and violated their duties and obligations arising out of and incident to said deed and the relationship existing between the parties.

"(m) Paragraph 16 of the petition alleges that:

'Because of the relationship of trust and confidence existing between said defendants, as holder of the leasing rights on said land, and the plaintiffs, as owners of said non-participating royalty interest, and the duties and obligations owed by the defendants to the plaintiffs arising out of such relationship, and because of the violation of such duties and obligations and the abuse of such confidence, and the fraudulent acts and omissions of said defendants, plaintiffs allege that a constructive trust has been impressed upon defendants' legal title to said land and upon their reversionary interest in the oil, gas and other minerals, for the benefit of these plaintiffs, and that this honorable court should order and decree that defendants' legal title to said land is held in trust for the benefit of plaintiffs to the extent of one-

half of all royalties on oil, gas and other minerals until an exploratory well for oil and gas shall have been drilled on said land and completed to a depth sufficient to test the Ellenburger formation or production of oil or gas in paying quantities at a lesser depth, and, if such well should result in production in paying quantities, as long thereafter as such production continues.'

"The petition also alleges various covenants implied in the deed of January 16, 1939, and duties and obligations arising therefrom; breach of such covenants, duties and obligations; damages resulting therefrom; and seeks ancillary relief in form of injunction and receivership as well as damages.

"(n) In the petition, plaintiffs pray that 'these plaintiffs have judgment decreeing and impressing a constructive trust upon defendants' title to said land and upon their reversionary interest in the oil, gas and other minerals thereunder for the benefit of these plaintiffs as hereinbefore alleged' and for such other and further relief as plaintiffs may show themselves entitled to receive."

Paragraph 16 above quoted specifically seeks to impress a constructive trust upon defendants' legal title to the section of land and upon the defendants' possibility of reverter of the interest in the oil, gas and other minerals therein for plaintiffs' benefit to the extent of one-half of all royalties on oil, gas and other minerals. Whether the allegations are sufficient to show a constructive trust goes more to the merits of the case than to the nature of the suit. That the petition reflects an attempt to impress a constructive trust on the section of land and the possibility of reverter of interest in the oil, gas and other minerals therein there can be no doubt. That such a suit is a suit for the recovery of land we think is apparent. MacDonald v. Follett, 142 Tex. 616, 180 S.W.2d 334.

It is appellees' theory that the breach of duty to lease by the grantee and her assigns created a constructive trust to protect the term royalty. The petition reflects a fraudulent purpose on the part of grantee and her daughters to defeat the term royalty and acquire all the minerals for themselves. If plaintiffs succeed in impressing the section of land or the possibility of reverter with a constructive trust they will have recovered an interest in the land; therefore the nature of the suit revealed by the petition is a suit for the recovery of land within the purview of Subdivision 14.

The judgment is affirmed.