**J. V. CALVERT et al., Appellants,**

v.

**Tom GREENE, Appellee.**

No. 13478.

Court of Civil Appeals of Texas.

San Antonio.

June 24, 1959.

Wood, Boykin, & Lanfear, Kleberg, Mobley, Lockett & Weil, Corpus Christi, for appellants.

Lloyd & Lloyd, Alice, for appellee.

BARROW, Justice.

This is a venue case. Tom Greene as plaintiff filed suit against J. V. Calvert, John D. Manley, Signet Drilling Company and Calvert & Manley, Inc., as defendants, in the District Court of Live Oak County, Texas. By his first amended original petition, plaintiff seeks to enforce a constructive trust of an undivided interest in certain oil, gas and mineral leases upon two tracts of land situated in Live Oak County, Texas; one lease covering 257 acres of land, and the other, 300 acres, and to recover title to an undivided ⅛ interest in the first mentioned lease, and an undivided ⅒ interest in the second.

The defendants filed their pleas of privilege to be sued in the counties of their respective residences, whereupon plaintiff filed his controverting plea, referring to and making his first amended original petition a part thereof, and relied upon Subdivision 14 of Article 1995, Vernon's Ann. Civ.Stats., to maintain venue in Live Oak County.

The defendants replied to plaintiff's controverting affidavit by several special exceptions, and by special plea set up their version of the agreement between themselves and plaintiff and specially alleged that if plaintiff had any cause of action it was for specific performance or breach of contract.

The hearing on the plea of privilege was to the court without a jury, and upon such hearing plaintiff introduced in evidence his first amended original petition, and it was stipulated that the land involved is situated in Live Oak County, Texas. The defendants then offered proof of their version of the contract with plaintiff, which is at variance with the terms of the contract alleged by plaintiff.

Subdivision 14 of Article 1995, Vernon's Ann.Civ.Stats., provides:

"14. Lands.—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

■ Where a plaintiff seeks to maintain suit in the county where it was filed, under subdivision 14 of Article 1995, Vernon's Ann.Civ.Stats., the venue facts necessary to be proved are: (1) That the suit is one for title to real estate or damages thereto, and (2) that the land involved is in fact situated in the county of suit. This proof is made by introducing the petition in evidence, for the purpose of showing the nature of the suit. Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69; Brown v. Gilmore, Tex.Civ.App., 267 S.W.2d 908; Cree v. Cluck, Tex.Civ.App., 246 S.W.2d 337; Klein v. Sibley, Tex.Civ.App., 203 S.W.2d 239; Robinson v. O'Keefe, Tex.Civ.App., 107 S.W.2d 419.

■ In determining the question of whether this case is a suit for title to real estate, or one for breach of a contract for the conveyance of real estate, or a suit for specific performance, the test is whether the agreement alleged was one in which title was to be taken in the names of both plaintiff and defendants, or was one in which title was to be taken in the names of defendants, and they in turn agreed to convey an interest therein to plaintiff. In the first case the agreement vests a present interest in the title to land in plaintiff, and is a suit for land, within the provisions of Subd. 14, Art. 1995, Vernon's Ann.Civ. Stats. In the second case it is a suit for breach of contract or specific performance and may not be maintained in the county in which the land is situated, under such subdivision. Cowden v. Cowden, supra; Brown v. Gilmore, supra; Cree v. Cluck, supra; Klein v. Sibley, supra; Robinson v. O'Keefe, supra.

■ The allegations of plaintiff's petition, properly construed, are that he entered into an agreement with defendants to associate with them for the purpose of acquiring certain oil and gas leasehold interests. That said interests were to be acquired jointly by defendants and himself. That pursuant thereto the defendants did acquire two leases on land in Live Oak County, being a lease dated September 22, 1956, from C. N. Freeman and wife, on 257 acres of land, and recorded in Vol. 7, p. 206, Oil and Gas Lease Records of Live Oak County; and a lease from said Freeman and wife, on 300 acres of land, to defendant Signet Drilling Company, dated May 3, 1958, and recorded in Vol. 14, p. 595, Oil & Gas Lease Records, Live Oak County. That the defendants, although obligated to take title jointly with plaintiff actually took title in their own names only. Plaintiff further alleged that he is the owner of an undivided ⅟₄₈ interest in the first lease and an undivided ⅟₁₀ interest in the second lease. That defendants have refused to assign such interest to him. That a constructive trust has been imposed upon defendants' title to said leases for plaintiff's benefit and that defendants' title to said leases are held in trust for his benefit to the extent of his interest therein. He then prays for judgment declaring the existence of such constructive trust, and impressing it upon such titles, and for judgment vesting the legal title in him to his undivided interests.

It is readily apparent that the allegations of plaintiff's petition are sufficient to constitute such suit an action for title to real estate, as distinguished from a suit for breach of contract or a suit for specific performance of contract.

In view of our holding that plaintiff's controverting affidavit, of which plaintiff's petition is made a part, states a cause of action involving the title to real estate, shown by stipulation to be located in Live Oak County, venue is properly laid in said county. The controlling factor is not that plaintiff has title, as disclosed by the facts, but that by his allegations he claims title.

We think the matters raised by appellants' special exceptions are only such as are pertinent to a trial on the merits and have no reference to the venue question involved in this appeal. We do not deem it necessary or proper to pass on them at this time. Insofar as they may relate to the venue question, the trial court properly overruled said exceptions. In that connection, we note that there is no allegation by appellants that the allegations of appellee's petition and controverting affidavit are fraudulently made for the purpose of fixing venue. McDonald, Texas Civil Practice, Vol. 1, p. 452, § 4.51.

The judgment is affirmed.