**George McCASLAND, Appellant,**

v.

**Tom BENNETT, Jr. et al., Appellees.**

No. 6136.

Court of Civil Appeals of Texas, Waco.

March 20, 1980.

Cynthia Clack, Law Office of Bill Alexander, Odessa, for appellant.

Warwick H. Jenkins, Jenkins & Jenkins, P. C., Waxahachie, for appellees.

OPINION

JAMES, Justice.

This is a venue case involving Subdivision 14 of Article 1995, Vernon's Texas Civil Statutes, and is an appeal from an order overruling a plea of privilege. Plaintiff-Appellee Tom Bennett, individually and as trustee for James B. Bonham Corporation,

brought this suit in Ellis County against Defendant-Appellant George McCasland and the Mercantile National Bank at Dallas, alleging generally that "Plaintiffs bring this suit for recovery of lands hereinafter described, or for damages thereto, or to remove encumbrances upon the title to such land, or to quiet the title to such land, such land being 168.383 acres located in Ellis County, Texas." More specifically, Plaintiffs' petition alleged that Bennett purchased some 168 acres of land in Ellis County in 1972 and that at all times since the purchase, Bennett, as agent of Bonham Corporation, has been in actual physical possession of such property, exercising all rights and incidents of ownership; that in 1975 Bennett conveyed the property to McCasland by General Warranty Deed so that McCasland might hold legal title in trust for the Plaintiffs; that shortly thereafter McCasland, acting as agent and trustee for the Plaintiffs, obtained a loan in the amount of $100,000 from a savings and loan association in Athens, Texas, said loan being secured by the property in question; that in 1977 one Mr. Jacobs, acting as attorney and agent for the Plaintiffs, and using funds belonging to the Plaintiffs, purchased the note and Deed of Trust from said savings and loan association; however, the transfer of these instruments was not recorded by common agreement of the Plaintiffs and Defendant McCasland; that in 1979 the Defendant McCasland, without the knowledge or consent of the Plaintiffs, secured a release of lien from the Athens savings and loan and recorded the release; that thereafter McCasland pledged the land as security for a $30,000 loan obtained from the Mercantile National Bank at Dallas, the proceeds of said loan being used solely for his benefit; that the action of McCasland in encumbering this land for his benefit was a breach of his fiduciary relationship to the Plaintiffs; and that the Plaintiffs therefore sought to have title properly vested in Plaintiff Bonham Corporation and to have the Deed of Trust lien of Defendant Mercantile declared void and of no force and effect, thus quieting title to the property in Bonham.

Defendant McCasland filed a plea of privilege to be sued in the county of his residence, to wit, Navarro County, and filed a permissive counterclaim or cross action against Bennett seeking to recover a real estate commission on the sale of a ranch located in "Cullison" and Hudspeth Counties, Texas. The subject matter of the cross action was unrelated to the transactions which were the subject matter of the instant suit initiated by Plaintiff-Appellees herein. Bennett responded to the cross action by filing a plea of privilege to be sued in Navarro County, the county of his residence. Bennett's plea was not controverted by McCasland and on August 10, 1979, the trial court entered an order sustaining Bennett's plea of privilege and ordering the cross action transferred to Navarro County. This venue matter is not before us.

On August 23, 1979 a hearing was had on McCasland's plea of privilege, which had been timely controverted by Bennett, citing Art. 1995, Secs. 7 (Fraud) and 14 (Lands) as grounds for sustaining venue in Ellis County. At this hearing, Plaintiff-Appellees offered in evidence their original petition, their controverting affidavit, and then offered proof that the subject land lay in Ellis County. Since we are of the opinion that said pleadings show that Plaintiffs were suing for the recovery of land, and the land lay in Ellis County, these were all the venue facts required to establish venue of Plaintiffs' suit in Ellis County. *Cowden v. Cowden* (1945) 143 Tex. 446, 186 S.W.2d 69; also see *Calvert v. Greene* (San Antonio CA 1959) 326 S.W.2d 592, no writ; *Gourley v. Fields* (Eastland CA 1961) 348 S.W.2d 787, no writ.

The trial court overruled Defendant-Appellant McCasland's plea of privilege, from which ruling he appeals. We affirm.

Appellant McCasland assigns three points of error, the first of which asserts that venue should not be sustained in Ellis County because the cause of action alleged by Plaintiffs Bennett and Bonham Corporation does not come within the provisions of Sec. 14 of Art. 1995. Appellant argues that Plaintiffs have brought this action seeking

48

to enforce an agreement or contract between the parties and that Sec. 14 does not apply to suits enforcing specific performance of contracts to convey realty and should not therefore apply in this case. We do not agree.

In our opinion, the pleadings, as hereinabove summarized, unmistakably evidence that the Plaintiffs in this suit are seeking to impress a constructive trust on the property in question. Our Supreme Court has held that suits brought to impress such trusts are suits for "equitable title" as distinguished from suits to enforce mere "equitable rights." *McDonald v. Follett* (1944) 142 Tex. 616, 180 S.W.2d 334. It is apparent therefore that when such suits involve real property, they are suits "for the recovery of land" and our courts have so held. *Carstairs v. Bomar* (Com.App.1930) 119 Tex. 364, 29 S.W.2d 334 opinion adopted; *Mecom v. Gallagher* (Waco Tex.Civ.App.1946) 192 S.W.2d 804, NRE; *Brown v. Gilmore* (El Paso Tex.Civ.App.1954) 267 S.W.2d 908, err. dism'd; *Calvert v. Greene* (San Antonio Tex.Civ.App.1959) 326 S.W.2d 592, NWH; *Gourley v. Fields* (Eastland Tex.Civ.App. 1961) 348 S.W.2d 787, NWH. Appellant's Point No. 1 is therefore overruled.

We have carefully considered the other points raised by Appellant and overrule them as being without merit.

Having determined that venue can properly be sustained in Ellis County under Sec. 14 of Art. 1995, we affirm the order of the trial court overruling Appellant's plea of privilege.

AFFIRMED.