# NO. 12-08-00126-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  | § |  |
|---|---|---|
| *IN RE: CITY NATIONAL BANK,* | | |
| *ELIZABETH KING AND JULIE TAYLOR,* | § | *ORIGINAL PROCEEDING* |
| *RELATORS* | | |
|  | § |  |

---

## *OPINION*

In this original mandamus proceeding, City National Bank of Kilgore, Elizabeth King, and Julie Taylor, the relators, challenge the trial court's order denying their motions to transfer venue.[1] The issue presented is whether the trial court abused its discretion in denying the relators' motions to transfer venue to Gregg County under Section 15.011 of the Texas Civil Practice and Remedies Code. We conclude that venue in Gregg County is mandatory. Therefore, we conditionally grant the writ.

### BACKGROUND

Wyatt Norman, a resident of Gregg County, Texas, operates All Star Motors. To obtain financing from City National Bank for the vehicles he purchased for resale, Norman executed a promissory note payable to the Bank, which was secured by a deed of trust lien on the real property where he operated his business. Norman became delinquent on the promissory note. The Bank sent a letter to Norman informing him of the delinquency and giving him twenty days to cure it. The Bank also informed Norman that it would begin foreclosure proceedings on the real property if the delinquency was not cured within the time specified. Norman responded by filing a "Plaintiff's Original Petition For Temporary Restraining Order, Injunction And Damages" in district court in

---

[1] The real party in interest is Wyatt Norman d/b/a All Star Motors. The respondent is the Honorable Clay Gossett, Judge of the Fourth Judicial District Court of Rusk County, Texas.

Rusk County naming the Bank and others as defendants. Norman alleged that venue was proper in Rusk County because Julie Taylor, the assistant to his loan officer at the Bank and a defendant in the lawsuit, resided in Rusk County at the time the cause of action accrued. Norman sought damages based upon conversion, the Texas Theft Liability Act, fraud, breach of fiduciary duty, breach of contract, and violations of the Texas Deceptive Trade Practices Act. He also requested an accounting, attorney's fees, expert fees, costs, and temporary and permanent injunctive relief prohibiting the Bank's foreclosure of its deed of trust lien.

Each relator filed a motion to transfer venue stating that venue was mandatory in Gregg County under Section 15.011 of the Texas Civil Practice and Remedies Code because the suit involved an interest in real property located in Gregg County. In his response to these motions to transfer venue, Norman alleged that the relators' fraudulent conduct, and not an interest in land, formed the primary basis of his complaint. The trial court then entered an order denying the motions to transfer venue. This original proceeding followed.

### AVAILABILITY OF MANDAMUS

Ordinarily, a writ of mandamus will issue only if the trial court has committed a clear abuse of discretion and the relators have no adequate remedy by appeal. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005). The trial court abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law" or if it clearly fails to correctly analyze or apply the law. *Id.* (quoting *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992)).

In this case, the relators contend that venue is governed by Section 15.011, a mandatory venue statute. Mandamus is available by statute to enforce Section 15.011. *See* TEX. CIV. PRAC. & REM. CODE Ann. § 15.0642 (Vernon 2002); *see also In re Applied Chemical Magnesias Corp.*, 206 S.W.3d 114, 118 (Tex. 2006). Therefore, inadequacy of an appellate remedy is not a prerequisite to mandamus under section 15.0642. *See In re Mo. Pac. R. R. Co.*, 998 S.W.2d 212, 215 (Tex. 1999) .

### INTEREST IN LAND ESTABLISHES VENUE

The relators argue that the relief sought in the underlying lawsuit filed by Norman involves an interest in real property, which would require the suit to be tried in Gregg County pursuant to

2

Section 15.011 of the Texas Civil Practice and Remedies Code.

Section 15.011 states as follows:

> Actions for recovery of real property or an estate or interest in real property, for partition of real property, to remove encumbrances from the title to real property, for recovery of damages to real property, or to quiet title to real property shall be brought in the county in which all or a part of the property is located.

TEX. CIV. PRAC. & REM. CODE § 15.011 (Vernon 2002). A party must allege two "venue facts," and establish them by prima facie proof if specifically denied, to show that venue is mandatory under Section 15.011: (1) that the nature of the suit fits within those listed in Section 15.011, and (2) that all or part of the realty at issue is located in the county of suit. *In re Stroud Oil Properties, Inc.*, 110 S.W.3d 18, 24 (Tex. App.–Waco 2002, orig. proceeding). It is the ultimate or dominant purpose of a suit that determines whether a particular suit falls under the mandatory venue statute, and not how the cause of action is described by the parties. *Bracewell v. Fair*, 638 S.W.2d 612, 615 (Tex. App.–Houston [1st Dist.] 1982, no writ). The nature of the plaintiff's claim is determined from the principal right asserted and the relief sought in the plaintiff's petition. *Stroud Oil*, 110 S.W.3d at 25.

If a mandatory venue provision applies to any claims or cause of action, then all claims and causes of action arising from the same transaction must be brought in the county of mandatory venue. *In re Texas Windstorm Ins. Ass'n*, 121 S.W.3d 821, 825 (Tex. App.–Beaumont 2003, orig. proceeding). Once it is demonstrated that the court's judgment would have some effect on an interest in land, then the venue of the suit is properly fixed under the mandatory venue statute. *Northern Natural Gas v. Chisos Joint Venture I*, 142 S.W.3d 447, 453 (Tex. App.–El Paso 2004, no pet.).

The lien created by a deed of trust is an encumbrance on the title to real property. *Pringle v. S. Bankers Life Ins. Co.*, 296 S.W.2d 347, 349 (Tex. Civ. App.–Austin 1956, no writ). Therefore, a suit to cancel a deed of trust procured by fraud is a suit to remove an encumbrance from title and affects an interest in land. *See id.* Moreover, any deed, contract, judgment, or other instrument not void on its face that purports to convey any interest in or makes any charge upon the land of a true owner, the invalidity of which would require proof, is a cloud upon the legal title of the owner. *DRG Fin. Corp. v. Wade*, 577 S.W.2d 349, 352 (Tex. Civ. App.–Houston [1st Dist.] 1979, no writ).

Norman does not contest the fact that his promissory note payable to the Bank is secured by a deed of trust lien on his land or that the land is in Gregg County. Instead, he contends that the primary issue in his suit is the relators' fraudulent conduct relating to the promissory note. We disagree. In his original petition, Norman alleges that the Bank and its employees converted monies he paid to the Bank that were to be applied to his account. He also alleges that the Bank and its employees required him to place his business property as collateral against a line of credit, which was not necessary, coerced him into waiving his business homestead rights to his real property by having him execute a nonhomestead affidavit, and are now attempting to unlawfully appropriate his real property. Norman asserts various causes of action arising from these allegations. Although he seeks damages for all of the alleged wrongful acts described in his petition, the ultimate relief he seeks relating to the deed of trust is a permanent injunction to prevent foreclosure of the Bank's deed of trust lien on his land. The issuance of a permanent injunction would not result in the cancellation of the deed of trust, thereby removing the encumbrance from Norman's title. As a practical matter, however, it would render a nullity the Bank's lien and its corresponding right to foreclose under the terms of the deed of trust. In effect, Norman would avoid the lien and the Bank would be left without security for Norman's promissory note. Under these facts, Norman's suit is tantamount to a suit to remove an encumbrance from the title real property, and the judgment he seeks will affect an interest in real property. Therefore, Section 15.011 governs venue.

## CONCLUSION

Based upon our review of the record and the foregoing analysis, we conclude that the trial court should have granted the relators' motions to transfer venue to Gregg County under Section 15.011. Accordingly, we conditionally grant mandamus relief. We trust that, within fifteen days from the date of this opinion and corresponding order, the trial court will vacate its March 11, 2008 Order Denying Defendants' Motions to Transfer Venue, and in its stead, will issue an order granting the relators' motions to transfer venue to Gregg County, Texas. The writ will issue only if it fails to do so. The trial court shall furnish this court, within the time of compliance with this court's opinion and order, a certified copy of the order evidencing such compliance.

4

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered June 11, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)