# NO. 12-08-00419-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *IN RE: KEITH DAVID LEMONS AND PAMELA LEMONS, RELATORS* | § § § | *ORIGINAL PROCEEDING* |

## *OPINION*

In this original mandamus proceeding, the relators, Keith David Lemons and Pamela Lemons, challenge the trial court's order denying their motion to transfer venue.[1] The issue presented is whether the trial court abused its discretion in denying the relators' motion to transfer venue to Grayson County under section 15.011 of the Texas Civil Practice and Remedies Code. We conclude that venue in Grayson County is mandatory. Therefore, we conditionally grant the petition for writ of mandamus.

### BACKGROUND

Brent Lemons, Keith's brother, was Market President of Bank of America, N.A. ("BOA") and Senior Vice President of Banc of America Investment Services, Inc. ("BOAIS"), both of which are located in Tyler. As part of his responsibilities at BOAIS, he acted as financial advisor to Venna Stubbs with respect to her accounts at the two entities. On March 9, 2007, without the authorization or knowledge of Stubbs, Brent Lemons caused $60,838.18 to be wired from Stubbs's BOA checking account to Grayson County Title Company in Denison. Keith and Pamela Lemons then used these funds to purchase real property located at 200 and 204 Lum Lane in Denison, Grayson County, Texas.

---

[1] The real party in interest is Venna Stubbs. The respondent is the Honorable Jack M. Skeen, Jr., Judge of the 241st Judicial District Court of Smith County, Texas.

Following her discovery of the unauthorized removal of these funds from her account and tracing their use to the purchase of the Grayson County real property, Stubbs filed suit in Smith County against Brent, Keith, and Pamela Lemons. In the prayer of her original petition, she requested a judgment imposing a constructive trust on the real property. Alternatively, but without waiving her request for a constructive trust, she sought a judgment for damages, interest, and costs. Stubbs alleged that venue was proper in Smith County because "all or a substantial part of the events giving rise to these claims occurred in Smith County, Texas." *See* TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1) (Vernon 2002). Following the filing of this original petition, Stubbs immediately filed a notice of lis pendens in Grayson County describing the real property and the Smith County suit.

The relators filed a motion to transfer venue alleging that venue was mandatory in Grayson County under section 15.011 of the Texas Civil Practice and Remedies Code because Stubbs's suit involved an attempt to recover real property located in Grayson County.[2] The trial court held a hearing on the relators' motion. Stubbs contended at the hearing that section 15.011 did not apply because the judgment for damages, interest, and costs, and not the recovery of the real property, was the dominant purpose of her suit. The trial court entered an order denying the motion to transfer venue. This original proceeding followed.

## AVAILABILITY OF MANDAMUS

Ordinarily, a writ of mandamus will issue only if the trial court has committed a clear abuse of discretion and the relators have no adequate remedy by appeal. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005). The trial court abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law." *Id.* (quoting *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992)).

In this case, the relators contend that venue is governed by section 15.011, a mandatory venue statute. Mandamus is available by statute to enforce section 15.011. *See* TEX. CIV. PRAC. & REM. CODE ANN. §15.0642 (Vernon 2002); *see also In re Applied Chem. Magnesias Corp.*, 206

---

[2] Brent Lemons did not join the relators' motion to transfer venue and therefore is not a party to this original proceeding.

S.W.3d 114, 116 (Tex. 2006). Therefore, inadequacy of an appellate remedy is not a prerequisite to mandamus in this case. *See In re Mo. Pac. R.R. Co.*, 998 S.W.2d 212, 215 (Tex. 1999).

**VENUE IN A CONSTRUCTIVE TRUST CASE**

The relators point out that part of the relief Stubbs seeks in her suit is the recovery of the Grayson County real property through the imposition of a constructive trust. They contend that this attempt to recover real property requires the suit to be tried in Grayson County under section 15.011. Stubbs disagrees arguing that the general venue rule found in section 15.002(a)(1) applies because the imposition of a constructive trust is not the dominant purpose of her suit.

**Applicable Law**

Section 15.011 of the Texas Civil Practice and Remedies Code provides as follows:

> **§ 15.011.      Land**
>
> Actions for recovery of real property or an estate or interest in real property, for partition of real property, to remove encumbrances from the title to real property, for recovery of damages to real property, or to quiet title to real property shall be brought in the county in which all or a part of the property is located.

TEX. CIV. PRAC. & REM. CODE ANN. § 15.011 (Vernon 2002). A party must allege two "venue facts," and establish them by prima facie proof if specifically denied, to show that venue is mandatory under Section 15.011: 1) that the nature of the suit fits within those listed in section 15.011, and 2) that all or part of the realty at issue is located in the county of suit. *In re City Nat'l Bank*, 257 S.W.3d 452, 454 (Tex. App.–Tyler 2008, orig. proceeding [mandamus denied]).

The nature of the plaintiff's claim is determined from the relief sought in the plaintiff's petition. *Id.* at 454-55. In a suit in which the plaintiff properly joins two or more claims or causes of action arising from the same transaction, occurrence, or series of transactions or occurrences, and one of the claims or causes of action is governed by the mandatory venue provisions of the Texas Civil Practice and Remedies Code, the suit shall be brought in the county required by the mandatory venue provisions. TEX. CIV. PRAC. & REM. CODE ANN. § 15.004 (Vernon 2002); *see also City Nat'l Bank*, 257 S.W.3d at 455. Once it is demonstrated that the trial court's judgment would have some effect on an interest in land, the venue of the suit is properly fixed under the mandatory venue statute. *See City Nat'l Bank*, 257 S.W.3d at 455.

A constructive trust is a legal fiction, a creation of equity to prevent a wrongdoer from profiting from his wrongful acts. ***Procom Energy, L.L.A. v. Roach***, 16 S.W.3d 377, 381 (Tex. App.–Tyler 2000, pet. denied). Before a constructive trust may be imposed, the proponent must prove 1) breach of a special trust, fiduciary relationship, or actual fraud; 2) unjust enrichment of the wrongdoer; and 3) tracing to an identifiable res. ***Hubbard v. Shankle***, 138 S.W.3d 474, 485 (Tex. App.–Fort Worth 2004, pet. denied). A suit to impose a constructive trust on real property is a suit for "equitable title" as distinguished from a mere "equitable right." *See **MacDonald v. Follett***, 142 Tex. 616, 623, 180 S.W.2d 334, 338 (1944); *see also **McCasland v. Bennett***, 597 S.W.2d 46, 48 (Tex. Civ. App.–Waco 1980, no writ). Therefore, a suit to impose a constructive trust on real property is a suit for the recovery of real property. ***McCasland***, 597 S.W.2d at 48 (applying predecessor to section 15.011); ***Brown v. Gilmore***, 267 S.W.2d 908, 911 (Tex. Civ. App.—El Paso 1954, writ dism'd) (same); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 15.011.

**Analysis**

The location of the real property is uncontroverted. Moreover, by filing a lis pendens notice, Stubbs acknowledged that her suit would affect title to the Grayson County real property. *See* TEX. PROP. CODE ANN. § 12.007(a) (Vernon 2004) (during pendency of a suit affecting title to real property, party seeking affirmative relief may file lis pendens notice); ***Garza v. Pope***, 949 S.W.2d 7, 8 (Tex. App.–San Antonio 1997, orig. proceeding) (lis pendens provides constructive notice of pending litigation; not proper where litigation involves only collateral questions that might ultimately affect title). Further, she admitted in the trial court that she pleaded a constructive trust because she "did not want the asset to go away and we went ahead and filed a lis pendens claim." Stubbs also admits in this proceeding that her suit will affect title to the real property. Consequently, this issue is also undisputed. She asserts, however, that section 15.011 does not apply because acquiring title to the real property was not the dominant purpose of her suit, as evidenced by her request for a money judgment.[3] In support of this proposition, she cites ***Allison v. Fire Insurance Exchange***, 98 S.W.3d 227 (Tex. App.–Austin 2002, pet. granted, judgm't vacated w.r.m.).

In ***Allison***, a homeowner in Hayes County filed suit in Travis County seeking a money judgment against her insurance company for damage to her home and for the company's alleged

---

[3] At the hearing on the relators' motion to transfer venue, counsel for Stubbs stated, "At the time of filing the lawsuit I was concerned that the money that was used to buy the property and the property may disappear."

misconduct in processing her claims. *Id.* at 234, 241. The Austin court held that venue was proper in Travis County after concluding that a suit for damage to real property is not the type of action for which section 15.011 establishes mandatory venue. *Id.* at 242-44, 264. The court acknowledged, however, that if section 15.011 prescribed mandatory venue for such an action, that mandatory venue provision would control over any conflicting permissive venue statutes. *See id.* at 242.

In this case, Stubbs seeks, in part, to recover equitable title to the Grayson County real property by the imposition of a constructive trust. *See McCasland*, 597 S.W.2d at 48; *Brown*, 267 S.W.2d at 911. Therefore, section 15.011 applies. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.011. This mandatory provision, section 15.011, controls over the general provision, section 15.002(a)(1), relied upon by Stubbs to maintain venue in Smith County. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.004. Consequently, all of the claims brought in Stubbs's suit must be litigated in Grayson County.

## CONCLUSION

Based upon our review of the record and the foregoing analysis, we conclude that the trial court should have granted the relators' motion to transfer venue to Grayson County under section 15.011. The trial court's denial of the motion to transfer venue amounts to a "clear and prejudicial error of law." *See Applied Chem. Magnesias,* 206 S.W.3d at 119. Accordingly, we ***conditionally grant*** mandamus relief. We trust that, within fifteen (15) days from the date of this opinion and corresponding order, the trial court will vacate its September 12, 2008 order denying the relators' motion to transfer venue to Grayson County, Texas and, in its stead, will issue an order granting the motion. The writ will issue only if it fails to do so. The trial court shall furnish this court, within the time of compliance of this court's opinion and order, a certified copy of the order evidencing such compliance.

    **JAMES T. WORTHEN**
    Chief Justice

Opinion delivered March 4, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)