

# NUMBER 13-17-00522-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE WILDCAT MIDSTREAM HOLDINGS II, LLC, WMH CORPUS I, LLC, WMH CORPUS LAND ACQUISITION I, LLC, WMH CORPUS LAND ACQUISITION II, LLC, AND WMH CORPUS LAND ACQUISITION III, LLC

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Contreras and Hinojosa
Memorandum Opinion by Chief Justice Valdez[1]**

Relators Wildcat Midstream Holdings II, LLC, WMH Corpus I, LLC, WMH Corpus

Land Acquisition I, LLC, WMH Corpus Land Acquisition II, LLC, and WMH Corpus Land

Acquisition III, LLC filed a petition for writ of mandamus seeking relief from the trial court's

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

denial of their motion to transfer venue from Nueces County to San Patricio County based on mandatory venue regarding land. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.011 (West, Westlaw through 2017 1st C.S.).[2] We conditionally grant mandamus relief.

## I. BACKGROUND

Plaintiff and real party in interest Express Midstream Services, LLC (Express) brought suit against relators, Prairie Dog Partners LLC, and Jeff Reynolds alleging multiple causes of action relating to three tracts of land.[3] Express had planned to construct an oil terminal and related infrastructure on the properties and it contacted these defendants to propose investment in and development of the project. Ultimately, the project fell through and Express sued these defendants for, inter alia, breach of contract, tortious interference with contract, breach of fiduciary duty, fraud, conversion, and civil conspiracy. Express sought title to the three tracts of land, or alternatively, compensation including punitive and exemplary damages. Express filed this suit in Nueces County, Texas based on allegations that a substantial part of the acts or omissions giving rise to its claims occurred there. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.002 (West, Westlaw through 2017 1st C.S.).

Relators filed a motion to transfer venue to Dallas County on the grounds that the majority of the meetings and discussions between the parties occurred there, and that was where a defendant's principal office was located. Express filed an amended response and a supplemental response to the motion to transfer venue. On March 27, 2017, the motion

---

[2] This petition for writ of mandamus arises from trial court cause number 2015CCV-60906-2 in the County Court at Law No. 1 of Nueces County, Texas, and the Honorable Robert J. Vargas is the respondent. *See generally* TEX. R. APP. P. 52.2.

[3] Neither Prairie Dog Partners LLC nor Reynolds are parties to this original proceeding.

2

to transfer venue was set for hearing on May 17, 2017. On May 10, 2017, relators filed an amended motion to transfer venue to San Patricio County on grounds that the land at issue in the lawsuit was located there, and thus venue was mandatory in that county. *See id.* § 15.011. In the alternative, relators sought transfer of the case to Dallas County on grounds that their principal offices were located there. Relators specifically denied all of Express's venue facts pertaining to Nueces County. Also on May 10, 2017, relators filed a memorandum of law in support of their amended venue motion.

The trial court held a non-evidentiary hearing on the motion to transfer venue on May 17, 2017. On May 23, 2017, Express submitted a post-submission brief in opposition to the relators' motion to transfer venue. On May 26, 2017, relators filed a reply in support of their amended motion to transfer venue. On June 1, 2017, Express filed a post-submission reply to relators' reply. That same day, the trial court sent an email to the parties which stated that it "appears . . . that the real property is incidental to the business dispute" and there were "enough contacts in Nueces County for this court to maintain venue of the matter." The trial court stated that the motions to transfer venue were denied and requested that the parties submit an order to the court. On June 2, 2017, the trial court denied relators' request to transfer venue by written order.

This original proceeding ensued. By one issue, relators assert that the trial court abused its discretion by denying their motion to transfer venue to San Patricio County. This Court requested and received a response to the petition for writ of mandamus from Express and further received a reply from relators to Express's response. *See* TEX. R. APP. P. 52.2, 52.4, 52.8.

3

## II. MANDAMUS

The general rule is that a venue ruling is not a final judgment ripe for appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(a) (West, Westlaw through 2017 1st C.S.); TEX. R. CIV. P. 87(6) ("There shall be no interlocutory appeals from such determination."). Section 15.0642 of the civil practice and remedies code, however, provides for mandamus relief to enforce certain mandatory venue provisions. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642 (West, Westlaw through 2017 1st C.S.); *In re Transcon. Realty Inv'rs*, 271 S.W.3d 270, 271 (Tex. 2008) (orig. proceeding) (per curiam); *In re Tex. Dep't of Transp.*, 218 S.W.3d 74, 76 (Tex. 2007) (orig. proceeding); *In re Freestone Underground Storage, Inc.*, 429 S.W.3d 110, 113 (Tex. App.—Texarkana 2014, orig. proceeding). When a relator seeks to enforce a mandatory venue provision, the relator is not required to prove that it lacks an adequate appellate remedy and is only required to show that the trial court clearly abused its discretion by failing to transfer the case. *See In re Lopez*, 372 S.W.3d 174, 176 (Tex. 2012) (orig. proceeding) (per curiam); *In re Mo. Pac. R.R.*, 998 S.W.2d 212, 215–16 (Tex. 1999) (orig. proceeding); *In re Signorelli Co.*, 446 S.W.3d 470, 473 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding). The only issue presented in such cases is whether the trial court properly interpreted the mandatory venue provision. *In re Transcon. Realty Inv'rs*, 271 S.W.3d at 270; *In re Tex. Ass'n of Sch. Bds.*, 169 S.W.3d 653, 656 (Tex. 2005) (orig. proceeding).

## III. STANDARD OF REVIEW

In an original proceeding regarding the application of mandatory venue, the appellate court reviews the trial court's ruling on a motion to transfer for an abuse of discretion. *In re*

*Applied Chem. Magnesias Corp.*, 206 S.W.3d 114, 117 (Tex. 2006) (orig. proceeding); *In re Signorelli Co.*, 446 S.W.3d at 473. A trial court has no discretion in determining what the law is or in applying the law to the facts. *See In re Mo. Pac. R.R.*, 998 S.W.2d at 216. A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam); *In re Fort Bend Cty.*, 278 S.W.3d 842, 843 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding).

### IV. MOTION TO TRANSFER VENUE

Venue may be proper in more than one county under the general, mandatory, or permissive venue rules. *See GeoChem Tech Corp. v. Verseckes*, 962 S.W.2d 541, 544 (Tex. 1998). The plaintiff is given the first choice of the venue in which to file suit, but upon challenge by the defense, bears the burden to prove venue is maintainable in that county. TEX. R. CIV. P. 87(2)(a); *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding); *GeoChem Tech Corp.*, 962 S.W.2d at 544 The plaintiff may file suit in any permissible county or, in the case of mandatory venue provisions, in the county mandated by statute. *Wilson v. Tex. Parks & Wildlife Dep't*, 886 S.W.2d 259, 260 (Tex. 1994); *Kshatrya v. Tex. Workforce Comm'n & Riddle Techs.*, 97 S.W.3d 825, 830 (Tex. App.— Dallas 2003, no pet.).

A defendant raises the question of proper venue by objecting to a plaintiff's venue choice through a motion to transfer venue. *See* TEX. R. CIV. P. 86. A defendant may move to transfer venue on grounds that mandatory venue lies in a different county. *Id.* R.

86(3)(b).  A party must establish mandatory venue by prima facie proof.  *Id.* R. 87(3)(a). "Prima facie proof is made when the venue facts are properly pleaded and an affidavit, and any duly proved attachments to the affidavit, are filed fully and specifically setting forth the facts supporting such pleading."  *Id.*  This prima facie proof is not subject to rebuttal, cross-examination, impeachment, or disproof.  *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 757 (Tex. 1993); *Shamoun & Norman, LLP v. Yarto Int'l Grp. LP*, 398 S.W.3d 272, 287 (Tex. App.—Corpus Christi 2012, pet. dism'd) (op. on reh'g).  If a plaintiff's chosen venue rests on a permissive venue statute and the defendant files a meritorious motion to transfer based on a mandatory venue provision, the trial court must grant the motion*.  Wichita Cty. v. Hart*, 917 S.W.2d 779, 781 (Tex. 1996); *Spin Doctor Golf, Inc. v. Paymentech, LP*, 296 S.W.3d 354, 357 (Tex. App.—Dallas 2009, pet. dism'd); *Morris v. Tex. Parks & Wildlife Dep't*, 226 S.W.3d 720, 723 (Tex. App.—Corpus Christi 2007, no pet.).

## V. ANALYSIS

### A. Timeliness of Amended Motion to Transfer Venue

In the instant case, Express asserts that relators did not seek a transfer of venue based on mandatory venue regarding land in their original motion to transfer venue and their amended motion to transfer venue, which included this new and different ground for transfer, was not filed until seven days prior to the date of hearing on venue.  Express asserts that the amended motion was untimely because Rule 87(1) requires forty-five days' notice of the hearing on the motion to transfer venue; thus the amended motion was not properly before the trial court for consideration.

6

We disagree with Express's contention. It is true that each party is entitled to at least forty-five days' notice of a hearing on the motion to transfer. *See* TEX. R. CIV. P. 87(1) ("Except on leave of court each party is entitled to at least 45 days' notice of a hearing on the motion to transfer."). However, the venue scheme expressly contemplates that motions to transfer may be amended, and further contemplates that the movant may file a reply and additional affidavits "not later than seven days prior to the hearing date." *See id.* R. 86(3) (governing the motion to transfer venue "and any amendments to it"); *id.* R. 87(1) (providing the movant's timeline for filing a reply to a response). Thus, "an original timely motion to transfer venue may be amended to cure defects in the original motion if the amended motion is filed before the trial court rules on the original motion," and the "amended motion relates back to and supersedes the original motion to transfer venue." *In re Pepsico, Inc.*, 87 S.W.3d 787, 794 (Tex. App.—Texarkana 2002, orig. proceeding) (holding that an amended motion to transfer venue relates back to the original motion and it is "immaterial" whether the amended motion corrects a defect or alleges a new ground for transfer); *see also Renzenberger, Inc. v. O'Bryant*, No. 13-05-00090-CV, 2005 WL 1361620, at \*4 (Tex. App.— Corpus Christi June 9, 2005, no pet.) (mem. op.) (en banc) (concluding that a movant's reply which included new venue allegations and evidence constituted a timely amended motion to transfer venue where it was filed before the trial court ruled on the original motion to transfer). Here, relators' amended motion to transfer venue was filed seven days prior to the hearing date and before the court ruled on the original motion to transfer venue, therefore, we conclude that the amended motion was timely filed and superseded the original motion to transfer venue.

Additionally, to preserve error on Rule 87 grounds that it did not receive its full forty-five days' notice of the hearing on the motion to transfer venue or reasonable time to prepare, Express must have moved for a continuance of the hearing. *See* TEX. R. APP. P. 33.1; *Bench Co. v. Nations Rent of Tex., LP*, 133 S.W.3d 907, 908 (Tex. App.—Dallas 2004, no pet.) ("To preserve its right to have its venue motion determined before the summary judgment hearing, it was incumbent upon Bench to either request a continuance of the summary judgment hearing or seek leave of court to have the venue motion heard earlier by requesting the 45 day notice period be shortened."); *Beard v. Gonzalez*, 924 S.W.2d 763, 765 (Tex. App.—El Paso 1996, no writ) ("To preserve error on the grounds that he was not given adequate time to conduct discovery or prepare for a hearing on venue, relator Beard was required to move for continuance."); *Gonzalez v. Nielson*, 770 S.W.2d 99, 101 (Tex. App.—Corpus Christi 1989, writ denied) ("We hold that appellant was required to move for a continuance to preserve error on his Rule 87 grounds that he was not given either sufficient notice of the hearing or reasonable time to prepare for trial after the hearing.").

In this case, Express did not file any written objection or motion for continuance with regard to the amended motion to transfer venue prior to the hearing. Accordingly, based on the foregoing, we review the venue determination here based on relators' first amended motion to transfer venue.

## B. Mandatory Venue

Certain kinds of suits involving land must be filed in the county where all or part of the property is located:

> Actions for recovery of real property or an estate or interest in real property, for partition of real property, to remove encumbrances from the title to real property, for recovery of damages to real property, or to quiet title to real property shall be brought in the county in which all or part of the property is located.

TEX. CIV. PRAC. & REM. CODE ANN. § 15.011; *see In re Applied Chem. Magnesias Corp.*, 206 S.W.3d at 117; *In re Signorelli Co.*, 446 S.W.3d at 473. Because of its mandatory nature, we must strictly construe section 15.011 and will not hold that it applies unless the suit is clearly within one of the categories set out in the statute. *In re Signorelli Co.*, 446 S.W.3d at 474; *Cartwright v. Cologne Prod. Co.*, 182 S.W.3d 438, 448 (Tex. App.—Corpus Christi 2006, pet. denied); *Maranatha Temple, Inc. v. Enter. Prods. Co.*, 833 S.W.2d 736, 739 (Tex. App.—Houston [1st Dist.] 1992, writ denied). However, if a mandatory venue provision applies to any claims or causes of action, then all claims and causes of action arising from the same transaction must be brought in the county of mandatory venue. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.004 (West, Westlaw through 2017 1st C.S.); *In re Signorelli Co.*, 446 S.W.3d at 474; *Airvantage, LLC v. TBAN Props. # 1, LTD*, 269 S.W.3d 254, 257 (Tex. App.—Dallas 2008, no pet.).

Two venue facts must be established to show that venue is mandatory under section 15.011: (1) that the nature of the suit fits within those listed in section 15.011; and (2) that all or part of the realty at issue is located in the county where venue is sought. *In re Signorelli Co.*, 446 S.W.3d at 473; *In re Lemons*, 281 S.W.3d 643, 646 (Tex. App.—Tyler 2009, orig. proceeding); *Airvantage, LLC*, 269 S.W.3d at 258; *In re Stroud Oil Props., Inc.*, 110 S.W.3d 18, 25 (Tex. App.—Waco 2002, orig. proceeding). We examine the "essence" or "substance" of a dispute to determine whether it involves an interest in real property so

as to invoke mandatory venue under the statute. *See In re Applied Chem. Magnesias Corp.*, 206 S.W.3d at 119; *Yzaguirre v. KCS Res., Inc.*, 53 S.W.3d 368, 371 (Tex. 2001); *see also Renwar Oil Corp. v. Lancaster*, 276 S.W.2d 774, 776 (Tex. 1955) (analyzing "the heart of the controversy" and "the controlling issue" in the case).

The "ultimate or dominant purpose" of a suit determines whether a particular suit falls under a mandatory venue statute and not "how the cause of action is described by the parties." *Bracewell v. Fair*, 638 S.W.2d 612, 615 (Tex. App.—Houston [1st Dist.] 1982, no writ); *see In re Group 1 Realty, Inc.*, 441 S.W.3d 469, 473 (Tex. App.—El Paso 2014, orig. proceeding); *In re Signorelli Co.*, 446 S.W.3d at 474; *In re City Nat'l Bank*, 257 S.W.3d 452, 454 (Tex. App.—Tyler 2008, orig. proceeding); *see also Yzaguirre*, 53 S.W.3d at 371; *Renwar Oil Corp.*, 276 S.W.2d at 776. The nature of the suit is determined from the facts alleged in the plaintiff's petition, the rights asserted, and the relief sought. *In re Signorelli Co.*, 446 S.W.3d at 474; *In re Hardwick*, 426 S.W.3d 151, 161 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding); *Airvantage LLC*, 269 S.W.3d at 257; *see also Renwar Oil Corp.*, 276 S.W.2d at 775.

In this case, Express's allegations against relators included claims that it had contributed the properties at issue to relators in connection with the parties' agreements, and that relators breached their agreements with regard to the tracts of land at issue in this lawsuit and breached their fiduciary duties by failing to create a new company for the purpose of holding title to the properties. Express sought the "just and right relief" of rescission of those contracts by which it lost title to the properties:

> The Cougar Tract, the 117 Acre Tract, and the 150 Acre Tract should be awarded and titled to Plaintiff. Defendants Wildcat should be required to

10

transfer ownership of these properties to Plaintiff [because] the Defendants never paid to Plaintiff—and never gave any consideration whatsoever to Plaintiff – for these real properties. Rescission is a proper remedy given the fraud committed by Defendants Wildcat and Defendant PDP. Rescission is the proper remedy given the mistakes involved with purported transfers of title. Rescission is a just and right equitable remedy that is necessary given the facts and circumstances of this case.

In the alternative, Plaintiff seeks reasonable and just compensation—including all remedies allowed at law and in equity. Plaintiff also seeks such punitive/exemplary damages as allowed by law for the causes of action pleaded herein. Plaintiff also seeks attorneys' fees. All of Plaintiff's losses and legal harm are in an amount in excess of the jurisdictional limits of this Honorable Court.

We first examine whether the nature of the suit fits within those listed in section 15.011. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.011. We conclude that it does. On its face, the lawsuit is an action "for the recovery of real property or an estate or interest in real property." *Id.*; *see also In re Applied Chem. Magnesias Corp.*, 206 S.W.3d at 117; *In re Signorelli Co.*, 446 S.W.3d at 473. Further, based on the facts alleged in Express's pleadings, the essence or substance of the dispute involves, at its core, the transfer of title to those three tracts of land and the development of a business on the land. *See In re Applied Chem. Magnesias Corp.*, 206 S.W.3d at 119; *Yzaguirre*, 53 S.W.3d at 371. Finally, Express asserts rights to the property and the relief sought includes title to the property through rescission. *See In re Signorelli Co*, 446 S.W.3d at 474; *In re Hardwick*, 426 S.W.3d at 161; *Airvantage LLC*, 269 S.W.3d at 257; *see also Renwar Oil Corp.*, 276 S.W.2d at 775. We conclude that Express's lawsuit comprises one of the actions encompassed by section 15.011. *See, e.g., In re Signorelli Co.*, 446 S.W.3d at 474 (determining that mandatory venue applied in an action seeking rescission of purchase agreement regarding land); *In re Hardwick*, 426 S.W.3d at 163 (concluding that mandatory venue applied in an action for

11

breach of contract and fiduciary duty where the remedy sought included forfeiture of mineral interests); *In re Lemons*, 281 S.W.3d at 645 (determining that mandatory venue applied in a suit to impose a constructive trust on real property).

We next examine whether all or part of the realty at issue is located in the county where venue is sought. *See In re Signorelli Co.*, 446 S.W.3d at 473; *In re Lemons*, 281 S.W.3d at 646; *Airvantage, LLC*, 269 S.W.3d at 258. There is no dispute that some of the land is in San Patricio County; however, Express contends that part of the Cougar tract is located in Nueces County, and accordingly, venue is proper there. In its post submission briefing and in this original proceeding, Express based this argument on the purchase and sale agreement between the University of Houston System and Express, which recites that the land is "located in Nueces County, Texas." Likewise, the special warranty deed between the University of Houston System and relator WMH Corpus I LLC states that the tract involves "approximately 22.89 acres of land in San Patricio County and Nueces County." Relators contend that the properties at issue are located entirely in San Patricio County and that the foregoing language "clearly" is a typographical error. They direct our attention to the language specifically describing the property in the deed, which indicates that the property lies entirely in San Patricio County, as well as additional documentation, including the title policy, which states that the property lies entirely in San Patricio County.

Express's argument generally rests on the concept that plaintiffs are allowed to choose venue first, and the plaintiff's choice cannot be disturbed as long as suit is initially filed in a county of proper venue. *Wilson*, 886 S.W.2d at 260; *Ford Motor Co. v. Johnson*, 473 S.W.3d 925, 928 (Tex. App.—Dallas 2015, pet. denied). While we agree with this

12

general proposition, our analysis here is controlled by two basic principles imbedded in the venue scheme. First, "[a]ll venue facts, when properly pleaded, shall be taken as true unless specifically denied by the adverse party." TEX. R. CIV. P. 87(3)(a). Second, "[p]rima facie proof is made when the venue facts are properly pleaded and an affidavit, and any duly proved attachments to the affidavit, are filed fully and specifically setting forth the facts supporting such pleading." *Id.*

In this case, Express brought suit in Nueces County and based its claim of venue on the general venue rule alleging that "all or a substantial part of the acts or omissions giving rise to the claims asserted" occurred there. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(1). Express did not base its venue selection on the location of any of the land at issue or any other mandatory venue provision. Relators sought a mandatory transfer of venue to San Patricio County based on their contention that the three tracts of land were located there. *See id.* § 15.011. In their amended motion to transfer venue and the memorandum in support of the transfer, relators contended that Express's "action is for the recovery of an estate or interest in real property (i.e., the three tracts of land referred to in its pleadings as the 'Cougar Tract,' the '117 Acre Tract,' and the '150 Acre Tract') located wholly within San Patricio County." Relators supported this allegation with prima facie proof, including affidavit testimony that "[t]his action relates to three tracts of land located in San Patricio County." TEX. R. CIV. P. 87(3)(a). In response, Express never specifically denied that part of the land was located in San Patricio County, and it never provided prima facie proof that part of the land was located in Nueces County.

A ground of mandatory venue is established when the party relying upon a mandatory exception to the general rule makes prima facie proof by affidavit. *See id.*; *In re Evolution Petroleum Co.*, 359 S.W.3d 710, 712 (Tex. App.—San Antonio 2011, orig. proceeding). And, given that Express did not specifically deny relators' venue facts with prima facie proof, we take those allegations regarding mandatory venue as true. *See* TEX. R. CIV. P. 87(3)(a); *GeoChem Tech Corp.*, 962 S.W.2d at 54. In so ruling, we note that Express invites us to conclude that a factual dispute regarding the location of the land prevents us from determining whether venue is correct in this original proceeding. It is correct that an appellate court is not authorized to resolve factual disputes in a mandamus proceeding. *In re Woodfill*, 470 S.W.3d 473, 478 (Tex. 2015) (orig. proceeding); *In re Angelini*, 186 S.W.3d 558, 560 (Tex. 2006) (orig. proceeding); *In re Perez*, 508 S.W.3d 500, 503 (Tex. App.—El Paso 2016, orig. proceeding). Nevertheless, whether or not the deeds and contract raise any fact issues regarding whether any part of the land at issue is located in Nueces County, an issue we do not decide here, those issues do not prevent this Court from determining venue as a matter of law. *In re Vaishangi, Inc.*, 442 S.W.3d 256, 259–60 (Tex. 2014) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). In short, we need not determine any fact issues regarding the location of the land because, based on the facts and procedural rules applicable to this case, it is neither required nor permitted by the venue scheme.

Based on the foregoing, we conclude that the underlying cause of action is one for the recovery of real property or an interest in real property, and relators have provided prima facie proof that part of the property is located in San Patricio County. *See* TEX. CIV. PRAC.

& REM. CODE ANN. § 15.011. Therefore, the trial court erred in denying relator's motion to transfer venue to San Patricio County. We sustain relators' sole issue.

## VI. CONCLUSION

Examining the pleadings and the record evidence, and considering the relevant law pertaining to mandatory venue regarding an interest in land, we conclude that this case falls within the parameters of section 15.011 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.011. Accordingly, venue was mandatory in San Patricio County. Thus, the trial court erred in denying relators' amended motion to transfer venue of the case from Nueces County to San Patricio County.

We conditionally grant the petition for writ of mandamus and direct the trial court to vacate its order denying the transfer of venue and to transfer venue of this matter to San Patricio County. The writ will issue only if the trial court fails to comply.

**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
15th day of November, 2017.

15