Ruth L. MILLER, Appellant,

v.

Tom A. LOCHRIDGE et al., Appellees.

No. 15078.

Court of Civil Appeals of Texas.
Houston.

June 8, 1967.

**574**

James C. Brady, Houston, for appellant.

E. E. Brewer, Angleton, for appellees.

WERLEIN, Justice.

This is an appeal by appellant, Ruth L. Miller, from an order of the trial court sustaining the pleas of privilege of appellees, Tom A. Lochridge and Angleton Bank of Commerce, and transferring the case to the District Court of Brazoria County, Texas.

Appellant alleged in substance that on or about February 1, 1964 she and Lochridge entered into a written contract of purchase and sale under the terms of which appellant was to purchase and Lochridge to sell an apartment building known as the Caprice Apartments, in the City of Houston, for the price of $120,199.47, subject to a first lien of $94,656.51 in favor of the Mainland Mortgage Company, and with appellant as suming a second, third and fourth lien against such property, the fourth lien being held by Angleton Bank of Commerce in the sum of $10,000.00. Such contract of sale does not contain a description of any property, although it appears to have been written upon the letterhead of the Caprice Apartments with address shown as Houston, Texas.

Appellant alleged certain representations that Lochridge made in order to induce her to enter into said contract and pled that such representations were false and that she relied on the same, and was induced thereby to execute the contract.

Appellant also alleged that she rescinded the agreement and tendered back the property to Lochridge and that the agreement is void or voidable and unenforceable. She further alleged that there was no consideration for an assumption by her in such agreement to pay the third and fourth liens to the defendants, Pyramid Roofing Company, Inc. and Angleton Bank of Commerce, and that if there was any consideration it had failed, and that she received nothing for such assumption agreement. She then alleged that she expended her own funds in the sum of $4,000.00 over and above income received from said apartments, and that she also brought the suit to recover such amount from Lochridge as well as $10,000.00 exemplary damages, since his representations were made with the intent to deceive her and were wilfully made or grossly negligently made, entitling her to exemplary damages. She prayed that the contract and assumption agreements, notes and other written evidence of the transaction be declared a nullity and that she recover against Lochridge damages in the sum of $14,000.00.

In her controverting plea she alleged that her petition showed that the fraudulent misrepresentations made to her were made in Harris County and that the venue of the suit, therefore, came within Subdivision 7 of Article 1995, Vernon's Annotated Texas Statutes. She also stated in her controverting plea that her petition showed that the suit was brought to cancel the convey-

ance of land situated in Harris County, Texas, being within the purview of Section 14 of Article 1995. She made substantially the same allegations in her controverting plea with respect to the bank's plea of privilege. In both of her controverting pleas she alleged that the suit was by reason of a written contract which was to be performed in Harris County, Texas, and such fact was sufficient to bring the cause within Subdivision 5 of Article 1995, V.A.T.S.

The case is before us without any findings of fact or conclusions of law by the trial court. In its judgment the court merely stated it was of the opinion that the pleas of privilege should be sustained, and they accordingly were sustained and venue of the cause was changed and the case transferred to the District Court of Brazoria County.

Appellant does not allege in her petition anything with respect to any deed that was executed pursuant to the alleged contract of sale, nor does she pray that any conveyance of the property be set aside. She merely prays that the contract and assumption agreements, notes and other written evidence of the transaction be declared of no further force and effect, and that she recover damages in the sum of $14,000.00.

■ Appellant's petition does not allege, nor does the evidence show, that the alleged representations were made in Harris County by appellee Lochridge. Hence, the suit does not come within the exception of Subdivision 7 of Article 1995, V.A.T.S. It was shown at the hearing that there had been a foreclosure sale of the property in question, and appellant testified that this suit involves only herself, Lochridge and the Bank, and that in the suit she is seeking to rescind the contract of sale and recover $3,056.00 which she alleged she expended in connection with the transaction.

The evidence and inferences therefrom would support an implied finding by the court that the property in question had been foreclosed under a lien prior to the lien held by appellee Bank and that its lien had been wiped out, so that the Bank could not assert or claim any interest in the property in question. In its brief the Bank states that the title to the land is not involved in this suit inasmuch as one of the superior lienholders had foreclosed, and "wiped out the Angleton Bank of Commerce's lien on this property, and the Angleton Bank of Commerce is not claiming a lien on this property."

■ The law is well settled that a hearing on a plea of privilege is tried in the ordinary way, and that on appeal from a judgment sustaining or overruling a plea of privilege the Court of Civil Appeals must review the fact findings made by the trial court in the same manner as in any other appealed case. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91. In the instant case, in the absence of findings of fact or conclusions of law, this Court must presume that the trial court resolved all issuable facts in such a way as to support its judgment. If there was competent testimony to support the court's judgment, the judgment must be sustained. McElyea v. Cozby, 233 S.W. 2d 482, Tex.Civ.App.; Martinez v. General Beverage Distributors, Inc., 312 S.W.2d 284, Tex.Civ.App.; James v. Drye, 1959, 159 Tex. 321, 320 S.W.2d 319.

■ The evidence is undisputed that the note held by the Bank was payable to it at Angleton, Texas, and that in the deed accepted by appellant she assumed payment of such note. Since the note was payable at Angleton, Texas, which is in Brazoria County, and appellant assumed payment of such note, she thereby contracted to discharge the obligation of the note at Angleton, Texas, the place where it was payable. Flatt v. Republic Insurance Company, 19 S.W.2d 826, Tex.Civ.App., n. w. h. See also Terrazas v. Carroll, 277 S.W.2d 274, Tex.Civ.App., n. w. h. Since the evidence shows that appellee, Angleton Bank of Commerce, neither holds nor claims any interest in appellant's land and did not do so at the time this suit was filed, appellant

may not retain venue of this case in Harris County, Texas as against said appellee under Subdivision 14 of Article 1995, V.A.T.S. Clingingsmith v. Cook, 347 S.W. 2d 279, Tex.Civ.App.; Smith v. Rampy, 198 S.W.2d 592, Tex.Civ.App.; James v. Drye, supra.

Moreover, appellant is seeking to rescind an alleged contract of sale. In Traweek v. Ake, 280 S.W.2d 297, Tex.Civ. App., the court held that the rescission of a contract for the sale of land does not come within Subdivision 14 of Article 1995, V.A.T.S. In James v. Eagle Rock Ranch, 304 S.W.2d 471, Tex.Civ.App., the court said:

"It has been held many times that a suit by a grantor to rescind a conveyance of land for fraud and to recover the land is within subd. 14 * * *

"* * * We cannot convince ourselves, however, that a suit by the grantee, as here, comes within any of the specific provisions of subd. 14.

"Appellants' suit is not to recover lands. It is just the opposite. It is a suit to divest themselves of title to land."

The court properly sustained both pleas of privilege. The contract in question does not describe any property, nor does it show that the contract was to be performed in Harris County. Hence, appellant's suit does not come within Subdivision 5 of Article 1995, V.A.T.S. Furthermore, appellant has failed to establish by any evidence of probative force that appellee Lochridge had his domicile in Harris County when this suit was filed and process was served upon him. Additionally, appellant's controverting pleas are insufficient. In one of them no reference whatever is made to appellant's petition, and in neither of the affidavits to such pleas does appellant purport to swear that the allegations in the petition are true. Chapman v. First Nat. Bank of Wellington, 221 S.W.2d 318, Tex.Civ.App., and authorities cited; A. H.

Belo Corp. v. Blanton, 1930, 133 Tex. 391, 129 S.W.2d 619; Fair v. Mayfield Feed & Grain Co., 203 S.W.2d 801, Tex.Civ.App. 1947.

Judgment affirmed.