**Opinion issued August 19, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-01031-CV

————————————

**IN RE THE SIGNORELLI COMPANY, INC., SIGNORELLI OPERATING CORPORATION, SIGNORELLI HOLDINGS, LTD., SIGNORELLI INVESTMENT COMPANY, LTD., SIGNORELLI INVESTMENT OPERATING COMPANY, L.L.C., SIGNORELLI HOMES, LTD., SIGNORELLI HOMES OPERATING COMPANY, L.L.C., SIGNORELLI MEDIA, LTD., LAKE CONROE RESORTS, LTD., AND LAKE CONROE RESORTS OPERATING COMPANY, L.L.C., Relators**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

## O P I N I O N

Relators, The Signorelli Company, Inc., Signorelli Operating Corporation, Signorelli Holdings, Ltd., Signorelli Investment Company, Ltd., Signorelli Investment Operating Company, L.L.C., Signorelli Homes Ltd., Signorelli Homes

Operating Company, L.L.C., Signorelli Media, Ltd., Lake Conroe Resorts, Ltd., and Lake Conroe Resorts Operating Company, L.L.C. (collectively, "Signorelli"), bring this original mandamus proceeding complaining of the trial court's order denying their motion to transfer venue from Harris County to Montgomery County based on the mandatory venue provision found in Texas Civil Practice and Remedies Code section 15.011.[1] We conditionally grant the petition for writ of mandamus.

## Background

The underlying proceeding arises from a dispute concerning an agreement between Signorelli and real party in interest Champion Custom Home Builders, L.L.C. ("Champion") related to a real estate development project.

Champion is a custom home builder. Signorelli is a real estate developer and home builder. In approximately 2007, Signorelli started a development named "Bella Vita" on a tract of land located in Montgomery County, Texas.[2] In connection with the development, Signorelli prepared an "Amended and Restated Declaration of the Covenants, Conditions, and Restrictions for Bella Vita" (the "Declaration"). Pursuant to the Declaration, Signorelli appointed itself and its

---

[1] The underlying proceeding is *Champion Custom Homes Builders, LLC v. The Signorelli Company, Inc. et al.*, No. 2013-45469, in the 165th District Court of Harris County, Texas, the Honorable Elizabeth Ray presiding.

[2] The parties do not dispute that the Bella Vita development is located in Montgomery County.

employees and agents as the "New Construction Committee," which was in charge of approving builders for the development and ensuring that the builders operated in accordance with the Declaration and the rules and regulations adopted by the Bella Vita Homeowners Association.

In 2009, Champion became involved with Bella Vita when an owner of a lot in the development asked Champion to complete construction on the owner's home. Champion sought approval from Signorelli to complete the construction project, which was provided.

Subsequently, Champion was approached by other lot owners to construct additional homes in the Bella Vita development. It was at this point that Signorelli informed Champion that it must first become an "approved builder" before Champion could begin additional construction projects. The parties then engaged in discussions regarding the means by which Champion could become an approved builder. To this end, Champion and Signorelli entered into an Approved Builder Purchase Agreement ("Builders Agreement"), through which Champion purchased two lots in the Bella Vita development from Signorelli in exchange for Champion's becoming an approved builder. However, the parties' relationship appears to have deteriorated after the signing of the Builders Agreement.

Champion filed suit in Harris County district court, alleging that Signorelli had made false representations and promises to Champion in order to induce

3

Champion to invest in the Bella Vita development. Champion asserted causes of action for fraud, statutory fraud, breach of the Builders Agreement and the Declaration, and violation of the Texas Deceptive Trade Practices Act; and it sought to recover monetary damages. Champion also brought a claim for declaratory judgment and for rescission of the Builders Agreement, under which Signorelli had conveyed two parcels of land in the Bella Vita development to Champion.

Signorelli moved to transfer venue to Montgomery County arguing, *inter alia*, that venue was mandatory in that county pursuant to Texas Civil Practice and Remedies Code section 15.011 as the county where the real property at issue in the case was located. Champion argued in its response that section 15.011 did not apply in the present case and that venue was proper in Harris County under general venue provisions as the county where all or a substantial part of the events giving rise to the claim occurred.

The trial court denied Signorelli's motion to transfer venue, and Signorelli filed a petition for writ of mandamus challenging the trial court's denial.[3]

---

[3] The only argument presented by Signorelli on mandamus is that the trial court erred in failing to transfer venue to Montgomery County pursuant to Civil Practice and Remedies Code section 15.011—a mandatory venue provision.

4

## Standard of Review

Generally, a venue ruling is not a final judgment ripe for appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(a) (West 2002); TEX. R. CIV. P. 87(b). However, mandamus relief is appropriate to enforce a mandatory venue provision when the trial court has denied a motion to transfer venue. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642 (West 2002); *In re Lopez*, 372 S.W.3d 174, 176 (Tex. 2012) (orig. proceeding) (per curiam); *In re Transcon. Realty Investors, Inc.*, 271 S.W.3d 270, 271 (Tex. 2008) (orig. proceeding) (per curiam).

In an original proceeding regarding the application of a mandatory venue provision, the appellate court reviews the trial court's ruling on a motion to transfer for an abuse of discretion. *See In re Applied Chem. Magnesias Corp.*, 206 S.W.3d 114, 117 (Tex. 2006) (orig. proceeding); *In re Cont'l Airlines, Inc.*, 988 S.W.2d 733, 735 (Tex. 1998) (orig. proceeding). "[A] clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion . . . ." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). When a relator seeks to enforce a mandatory venue provision, it is not required to prove that it lacks an adequate appellate remedy and is only required to show that the trial court clearly abused its discretion by failing to transfer the case. *See In re Lopez*, 372 S.W.3d at 176–77; *In re Mo. Pac. R.R.*, 998 S.W.2d 212, 215–16 (Tex. 1999) (orig. proceeding).

**Analysis**

Certain kinds of suits involving land must be filed in the county where the property is located. Specifically, Civil Practice and Remedies Code section 15.011 provides:

> Actions for recovery of real property or an estate or interest in real property, for partition of real property, to remove encumbrances from the title to real property, for recovery of damages to real property, or to quiet title to real property shall be brought in the county in which all or a part of the property is located.

TEX. CIV. PRAC. & REM. CODE ANN. § 15.011 (West 2002).

Two venue facts must be established to show that venue is mandatory under section 15.011: (1) that the nature of the suit fits within those listed in section 15.011; and (2) that all or part of the realty at issue is located in the county of suit. *Poock v. Wash. Mut. Bank, F.A.*, No. 01-08-00415-CV, 2009 WL 2050905, at *6 (Tex. App.—Houston [1st Dist.] July 16, 2009, no pet.) (mem. op.); *Airvantage, L.L.C. v. TBAN Props. #1, L.T.D.*, 269 S.W.3d 254, 258 (Tex. App.—Dallas 2008, no pet.). It is undisputed that the property at issue in this original proceeding is located in Montgomery County; thus, the sole issue to be decided in this case is whether the suit falls within the parameters of section 15.011. *See In re Applied Chem.*, 206 S.W.3d at 117.

The Texas Supreme Court has stated that we are to look at the "essence" of a dispute to determine whether it falls under the mandatory venue statute. *See id.* at

6

119; *see also Yzaguirre v. KCS Res., Inc.*, 53 S.W.3d 368, 371 (Tex. 2001) (examining "substance of the dispute"). "It is the ultimate or dominant purpose of a suit that determines whether a particular suit falls under the mandatory venue statute, and not how the cause of action is described by the parties." *In re City Nat'l Bank*, 257 S.W.3d 452, 454 (Tex. App.—Tyler 2008, orig. proceeding) (citing *Bracewell v. Fair*, 638 S.W.2d 612, 615 (Tex. App.—Houston [1st Dist.] 1982, no writ)).

The nature of the suit is determined by the facts alleged in the plaintiff's petition, the rights asserted, and the relief sought. *Brown v. Gulf Television Co.*, 306 S.W.2d 706, 708 (Tex. 1957); *In re Hardwick*, 426 S.W.3d 151, 161 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding); *see also Airvantage*, 269 S.W.3d at 258 ("Whether the recovery is called conversion, breach of contract, or other non-real property types of recovery, the true nature of the lawsuit depends on the facts alleged in the petition, the rights asserted, and the relief sought."). "Thus, once it is demonstrated that the court's judgment would have some effect on an interest in real property, the venue of the suit is properly fixed under section 15.011." *In re Hardwick*, 426 S.W.3d at 161 (citing *Bracewell*, 638 S.W.2d at 615, and *Airvantage*, 269 S.W.3d at 259). If section 15.011 applies to one of the claims or causes of action, then all claims and causes of action arising from the same transaction must be brought in the county of mandatory venue. *See* TEX. CIV.

7

PRAC. & REM. CODE ANN. § 15.004 (West 2002); *In re Hardwick*, 426 S.W.3d at 161; *Airvantage*, 269 S.W.3d at 259.

Because of its mandatory nature, we must strictly construe section 15.011 and will "not hold that it applies unless [Champion's] suit is clearly within one of the categories set out in the statute." *Marantha Temple, Inc. v. Enter. Prods. Co.*, 833 S.W.2d 736, 739 (Tex. App.—Houston [1st Dist.] 1992, writ denied); *see also Allison v. Fire Ins. Exch.*, 98 S.W.3d 227, 241 (Tex. App.—Austin 2002, pet. granted, judgm't vacated w.r.m.) ("[W]e will strictly construe [section 15.011] and will not hold that it applies unless Ballard's suit falls clearly within one of the categories in the section."); *In re Riata Energy, Inc.*, No. 01-00-01138-CV, 2001 WL 1480291, at *1 (Tex. App.—Houston [1st Dist.] Nov. 21, 2001, orig. proceeding) (mem. op., not designated for publication) (holding that section 15.011 is to be strictly construed).

Here, Signorelli asserts that section 15.011 applies to the present case because Champion has pled to rescind the Builders Agreement, under which Champion purchased two parcels of land, and seeks a judgment that would change ownership of and title to the real property. In doing so, Signorelli relies on this Court's decision in *Poock*.

*Poock* concerned the propriety of rescission of a release of a lien that secured an interest in a property. Litigation arose between the parties, David

Edwards ("Edwards") and Washington Mutual Bank, F.A. ("Washington Mutual"), regarding a home equity loan that was evidenced by a promissory note and secured by a security instrument on Edwards' real property. *Poock*, 2009 WL 2050905, at *1. After Edwards paid off the loan, but not the attorney's fee award Washington Mutual had recovered in the lawsuit with Edwards, it mistakenly filed a release of its lien on Edwards' property. *Id.* at *2. Washington Mutual subsequently rescinded the release of its lien and then brought suit in Harris County against Edwards seeking an order from the trial court authorizing foreclosure of Edward's home as well as an order confirming the rescission of the release of the lien. *Id.* at *3. Edwards filed a motion to transfer venue to Fort Bend County—the county where Edwards' property was located. *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. § 15.011).

On appeal, Edwards asserted that Washington Mutual's request for rescission of the release was a claim that involved an interest in real property covered by section 15.011, while Washington Mutual argued that the "dominant purpose" of the suit was not to recover an interest in property, but rather to enforce the trial court's prior judgment and attorney's fees award. *Id.* at *5. This Court agreed with Edwards and concluded that the parties were actually disputing "the effectiveness of the release of the lien, . . . and the rescission and Edwards' and Washington Mutual's competing claims to their respective interests in the real

9

property located in Fort Bend County." *Id.* at \*7. Thus, because Washington Mutual sought to recover its interest in the property, through confirmation of its rescission of the release of its lien, this Court held that the action involved an interest in real property under section 15.011 and that the trial court had erred in failing to transfer venue. *Id.* at \*10.

Similarly, in *In re Hardwick*, the parties, Smith Energy Company and Mark Hardwick, entered into a series of agreements under which Hardwick was to obtain leases and rights of access for Smith Energy's oil and gas development in exchange for cash and an interest in the leases he acquired. 426 S.W.3d at 154. After business relations between the parties broke down, Smith Energy sued Hardwick for breach of fiduciary duty, breach of contract, fraud, and civil theft. *Id.* at 155. In addition to requesting actual and exemplary damages and attorney's fees, Smith Energy sought "forfeiture of all compensation paid or granted to [Hardwick], including all assigned mineral interests and overriding royalty interests." *Id.* Hardwick subsequently moved for a transfer of venue, arguing that venue was mandatory in one of the counties where the property interests at issue were located, based in part on section 15.011. *Id.*

This Court concluded that "because Smith Energy ha[d] prayed for the equitable remedy of forfeiture to obtain from [Hardwick] certain specified 'mineral

interests and overriding royalty interests,'" the case involved a dispute over the rightful ownership of property. *Id.* at 162. We concluded,

> [A]lthough Smith Energy's claims are premised upon allegations of breaches of contractual and fiduciary duties, through the mechanism of this lawsuit, Smith Energy in substance seeks, as part of its remedy, the recovery of real property interests. Because a judgment that awarded such relief would have some effect on an interest in real property, venue is properly fixed under Section 15.011.

*Id.* at 163.

Here, just as in *In re Hardwick*, Champion has premised its claims upon allegations of breach of contract and fraud. As part of its remedy, it seeks, in substance, the rescission of a contract in which the parties transferred real property. *See id.* If the trial court determined that Champion was entitled to such relief, the judgment awarding that relief would transfer title of the real property that is the subject of the Builders Agreement from Champion to Signorelli, and thus it would have some effect on an interest in real property. We conclude, just as this Court did in *In re Hardwick* and *Poock*, that the substance of at least one of Champion's claims affects an interest in real property, and thus venue is properly fixed in Montgomery County under section 15.011. *See id.*; *Poock*, 2009 WL 2050905, at *10.

Champion argues, however, that section 15.011 does not apply in this suit because its request for rescission of the Builders Agreement was not the "dominant purpose" of its petition, as evidenced by the fact that Champion pled for rescission

in the form of alternative relief. Thus, it is not the "heart of the controversy" or the "controlling issue in the case." However, one of Champion's claims—the claim for the equitable remedy of rescission of the Builders Agreement—does, as its dominant purpose, seek to have title to real property transferred from one party in the case to another.

As we discussed above, this case is similar to this Court's precedent in *In re Hardwick*, in which, in addition to alleging claims for breach of contract and breach of fiduciary duty, the plaintiff claimed in equity that the defendant should be required to forfeit certain interests in real property. 426 S.W.3d at 161. We held that venue was properly fixed under section 15.011. *Id.* Here, Champion petitioned the trial court to rescind the Builders Agreement, which would have an effect on an interest in real property, bringing that claim within the scope of section 15.011. And, if section 15.011 applies to one of the claims or causes of action, then all claims and causes of action arising from the same transaction must be brought in the county of mandatory venue. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.004; *In re Hardwick*, 426 S.W.3d at 161; *Airvantage*, 269 S.W.3d at 259.

Relying on *Miller v. Lochridge*, Champion also argues that section 15.011 does not apply because it "is not seeking to recover real property or an estate or interest in real property, nor is it seeking to partition, remove an encumbrance,

recover damages to, or quiet title to real property." It contends that Texas law distinguishes between cases in which a plaintiff seeks to reinvest himself with a property he had previously transferred through a suit for rescission and cases in which a plaintiff asserts a claim for rescission in the hopes of divesting himself of a property previously acquired. *See Miller v. Lochridge*, 416 S.W.2d 573 (Tex. Civ. App.—Houston 1967, no writ); TEX. CIV. PRAC. & REM. CODE ANN. § 15.011 (setting mandatory venue for actions "for *recovery* of real property or an estate or interest in real property") (emphasis added).

However, *Miller* did not address the requirements of section 15.011; rather, this Court considered 15.011's predecessor statute in determining that because Miller sought to *divest* herself of land by seeking to rescind the contract of sale, the action was not for "recovery" of land and the mandatory venue provision did not apply. 416 S.W.2d at 573 (emphasis added); *see also James v. Eagle Rock Ranch*, 304 S.W.2d 471, 476 (Tex. Civ. App.—Austin 1957, no writ) (holding that action by buyers for rescission of contract for sale of land did not fall within predecessor statute); *Traweek v. Ake*, 280 S.W.2d 297, 299 (Tex. Civ. App.—El Paso 1955, no writ) (same).

In *In re Applied Chemical*, the Texas Supreme Court discussed the differences between section 15.011 and its predecessor. The issue presented in *In re Applied Chemical* was "whether a declaratory judgment suit to determine the

13

rights of the parties to a contract to acquire surface and mineral leases is an action" that is subject to the mandatory venue provision in section 15.011. 206 S.W.3d at 115. In addressing this question, the supreme court noted that, unlike partition suits under the predecessor statute, partition suits now fall under section 15.011 and that section 15.011 now includes "actions for an 'interest' in real property." *See id.* at 118. The supreme court stated that section 15.011's additional reference to "actions for an 'interest' in real property," which were not addressed by the predecessor venue provision for real property disputes, "suggests that the Legislature intended section 15.011 to be more inclusive regarding the types of real property suits subject to mandatory venue." *Id.*

Since the revision of the mandatory venue provision to include the present language of section 15.011, courts have read section 15.011 to include "actions for an 'interest' in real property." *See Poock*, 2009 WL 2050905, at *6; *see also In re Hardwick*, 426 S.W.3d at 161 (holding that trial court judgment that would have some effect on "an interest in real property" invokes section 15.011); *In re Brin & Brin, P.C.*, No. 13-13-00324-CV, 2013 WL 3895365, at *6–8 (Tex. App.—Corpus Christi July 23, 2013, orig. proceeding) (considering *In re Applied Chemical's* "analyses concerning mandatory venue regarding an interest in land" in concluding that suit over rightful ownership of nonparticipating royalty interest fell within scope of section 15.011).

14

Champion argues that because it is *Champion*, the plaintiff, that seeks to have the property returned to Signorelli, this is not a suit that falls within the scope of section 15.011. Under Champion's interpretation of the venue provision, if *Signorelli* had sought rescission, so that it was asking to "recover" the property, section 15.011 would cover this suit, but as it is the plaintiff who will lose title, section 15.011 does not apply. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.011. Champion has not cited any authority construing section 15.011 in so limited a way as to include only suits where the *plaintiff* is the party that would recover an interest in real property.

Nothing in the language of the statute itself indicates that the Legislature intended the limited reading Champion would have us give it, and such a narrow reading does not comport with precedent of this Court and the Texas Supreme Court, as set out above. We observe that, here, if Champion prevails on its rescission claim, Champion will give up its interest in the property and transfer it to Signorelli, from whom Champion purchased it. Signorelli will thus "recover" the property in exchange for Champion's receiving back the consideration it paid for the property, and title will revert to Signorelli.

We decline to interpret section 15.011 so narrowly, especially in light of the precedent of the Texas Supreme Court and this Court construing the statute to include actions for an interest in real property. *See In re Applied Chem.*, 206

S.W.3d at 118 (holding that section 15.011 "includes actions for an 'interest' in real property" and stating that addition of word "interest" suggests "that the Legislature intended section 15.011 to be more inclusive regarding the types of real property suits subject to mandatory venue"); *In re Hardwick*, 426 S.W.3d at 161 ("[O]nce it is demonstrated that the court's judgment would have some effect on an interest in real property, the venue of the suit is properly fixed under Section 15.011."); *Poock*, 2009 WL 2050905, at *6 (same).

We conclude that, although Champion's claims are premised upon breach of contract and fraud, through the mechanism of the underlying lawsuit it, in substance, seeks, as part of its remedy, a judgment that would transfer ownership of an interest in real property. *See In re Hardwick*, 426 S.W.3d at 163. Thus, venue is properly fixed in Montgomery County under section 15.011. *See id.*

## Conclusion

We hold that the trial court erred by failing to transfer venue pursuant to section 15.011.  Accordingly, we conditionally grant Signorelli's petition for writ of mandamus.  We direct the district court to vacate its order denying the relators' motion to transfer venue, and we further direct it to grant the motion.  Our writ will issue only if the district court does not comply with our order.


Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Sharp, and Huddle.