**Motion Dismissed; Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed July 18, 2024.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-23-00676-CV

_____

## IN RE M3P DIRECTIONAL SERVICES, LTD., Relator

ORIGINAL PROCEEDING
WRIT OF MANDAMUS
127th District Court
Harris County, Texas
Trial Court Cause No. 2023-20799

## MEMORANDUM OPINION

On September 14, 2023, relator M3P Directional Services, Ltd. filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, M3P asks this Court to compel the Honorable Ravi K. Sandill, presiding judge of the 127th District Court of Harris County, to vacate the trial court's August 21, 2023 order denying relator's motion

to transfer venue pursuant to Section 15.011 of the Texas Civil Practices & Remedies Code.

## I.    Background

The underlying case concerns an action for damages arising out of the drilling of an oil and gas well in Irion County, Texas.  The real party in interest, Comstock Energy, LLC, alleges that, in attempting to drill the Well, M3P and others' actions resulted in the failures of three separate wellbores.  After such failures, Comstock asserts that it "was forced to terminate M3P, Octane, and Valence . . . and bring in new companies to plug back and re-drill and complete the Well."  Comstock asserts that "[d]ue to Defendants' wrongful conduct, Comstock was unable to timely complete the Well and Comstock was forced to incur more than $3.2 Million dollars in damages or expenses over many weeks of failed drilling activities together with lost tools and equipment and the plugging and abandonment of three wellbores—not including delayed production resulting in significant lost profits."

M3P filed a motion to transfer venue, requesting that the trial court transfer venue from Harris County, Texas to Irion County, Texas pursuant to section 15.011 of the Civil Practice and Remedies Code.  On August 21, 2023, the trial court denied M3P's motion to transfer venue.  This mandamus proceeding followed.

## II.    Standard of Review

Generally, a venue ruling is not a final judgment ripe for appeal.  *See* Tex. Civ. Prac. & Rem. Code § 15.064(a); Tex. R. Civ. P. 87(b).  However, mandamus

relief is appropriate to enforce a mandatory venue provision when the trial court has denied a motion to transfer venue. *See* Tex. Civ. Prac. & Rem. Code § 15.0642; *In re Lopez*, 372 S.W.3d 174, 176 (Tex. 2012) (orig. proceeding) (per curiam); *In re Transcon. Realty Investors, Inc.*, 271 S.W.3d 270, 271 (Tex. 2008) (orig. proceeding) (per curiam).

In an original proceeding regarding the application of a mandatory venue provision, we review the trial court's ruling on a motion to transfer for an abuse of discretion. *See In re Applied Chem. Magnesias Corp.*, 206 S.W.3d 114, 117 (Tex. 2006) (orig. proceeding); *In re Cont'l Airlines, Inc.*, 988 S.W.2d 733, 735 (Tex. 1998) (orig. proceeding). "[A] clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion . . .." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). When a relator seeks to enforce a mandatory venue provision, it is not required to prove that it lacks an adequate appellate remedy and is only required to show that the trial court clearly abused its discretion by failing to transfer the case. *See Lopez*, 372 S.W.3d at 176–77; *In re Mo. Pac. R.R.*, 998 S.W.2d 212, 215–16 (Tex. 1999) (orig. proceeding).

### III.   Analysis

### A.   Section 15.011 of the Texas Civil Practice and Remedies Code

Certain kinds of suits involving land must be filed in the county where the property is located. Specifically, section 15.011 of the Texas Civil Practice and Remedies Code provides:

> Actions for recovery of real property or an estate or interest in real property, for partition of real property, to remove encumbrances from the title to real property, for recovery of damages to real property, or

> to quiet title to real property shall be brought in the county in which all or a part of the property is located.

Tex. Civ. Prac. & Rem. Code § 15.011.

To show venue is mandatory in a particular county pursuant to section 15.011, a party must prove two venue facts: (1) the nature of the suit fits within the categories listed in section 15.011; and (2) all or part of the property at issue is located in the county alleged to have mandatory venue. *In re Brooks*, No. 14-22-00720-CV, 2023 WL 139185, at *3 (Tex. App.—Houston [14th Dist.] Jan. 10, 2023, orig. proceeding) (mem. op.) (per curiam). The parties do not dispute that the property is located in Irion County, but they disagree on whether the first fact exists. Thus, the sole issue to be decided in this case is whether the suit falls within the parameters of section 15.011.

To reach this determination, we look at the "essence" of the parties' dispute, rather than how causes of action are described by the parties. *See id*. (citing *In re Signorelli Co., Inc.*, 446 S.W.3d 470, 474 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding) (citations omitted)). The essence of the lawsuit "depends on the facts alleged in the petition, the rights asserted, and the relief sought." *Id*. (citing *In re Hardwick*, 426 S.W.3d 151, 162 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding)); *see also Airvantage, L.L.C. v. TBAN Properties #1, L.T.D.*, 269 S.W.3d 254, 258 (Tex. App.—Dallas 2008, no pet.) ("Whether the recovery is called conversion, breach of contract, or other non-real property types of recovery, the true nature of the lawsuit depends on the facts alleged in the petition, the rights asserted, and the relief sought."). "Thus, once it is demonstrated that the court's judgment would have some effect on an interest in real property, the venue of the

4

suit is properly fixed under section 15.011." *Hardwick*, 426 S.W.3d at 161 (citations omitted). If section 15.011 applies to one of the claims or causes of action, then all claims and causes of action arising from the same transaction must be brought in the county of mandatory venue. *See* Tex. Civ. Prac. & Rem. Code § 15.004; *Hardwick*, 426 S.W.3d at 161; *Airvantage*, 269 S.W.3d at 259.

## B.     Mandatory Venue in Irion County

Here, M3P asserts that section 15.011 applies to the underlying case because Comstock alleges it is entitled to "damages to real property" arising from "the failure to properly drill and complete a horizontal oil and gas well located in Irion County." Comstock alleges that M3P damaged three wellbores and that Comstock is entitled to recover from M3P damages proximately caused by its actions— including expenses Comstock allegedly incurred to plug the three allegedly failed wellbores.

Comstrock argues that the mandatory venue provision of section 15.011(5) is not applicable because the dominant nature of this lawsuit does not involve damages to real property. Comstock maintains that permissive venue lies properly in Harris County.[1] Although Comstock argues that its action does not seek to recover "damages to real property," the facts alleged in support of its claims establish otherwise. *See In re Custom Home Builders of Cent. Tex., Inc.*, 647

---

[1] Even if Comstock is correct that one or more defendants maintained a principal office in Harris County and that section 15.002(a)(3) would generally permit venue in Harris County, the mandatory venue requirements of Section 15.011 trump the permissive venue rules set forth under Section 15.002. Tex. Civ. Prac. & Rem. Code § 15.002; *Wichita Cnty., Tex. v. Hart*, 917 S.W.2d 779, 781 (Tex. 1996) ("If the plaintiff's chosen venue rests on a permissive venue statute and the defendant files a meritorious motion to transfer based on a mandatory venue provision, the trial court must grant the motion.").

S.W.3d 419, 422–28 (Tex. App.—San Antonio 2021, orig. proceeding); *Bayer Crop Science, L.P. v. Timmons*, No. 09-22-00204-CV, 2022 WL 16993420, at \*7 (Tex. App.—Beaumont Nov. 17, 2022, orig. proceeding) (mem. op.). Comstock seeks to recover damages for alleged damage to the allegedly failed wellbores, including expenses allegedly incurred to "plug" the wellbores; thus, the underlying action is one for recovery of "damages to real property," triggering the mandatory venue statute and requiring transfer of the underlying matter to Irion County, Texas. Tex. Civ. Prac. & Rem. Code § 15.011. The trial court abused its discretion by denying relator's motion to transfer venue to Irion County, Texas.

## IV. Conclusion

We hold that the trial court abused its discretion by denying M3P's motion to transfer venue and failing to transfer the case to Irion County. We conditionally grant the petition and direct the trial court to sign an order (1) vacating its August 21, 2023 order denying M3P's motion to transfer venue and (2) granting the motion to transfer venue and transferring the lawsuit to Irion County. We are confident the trial court will act in accordance with this memorandum opinion and the writ will issue only if the trial court fails to comply.

Additionally, we dismiss as moot all pending motions.

PER CURIAM

Panel consists of Justices Wise, Zimmerer, and Poissant.