

NUMBER 13-24-00342-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG

IN RE MELINDA CORTEZ AND ADRIAN CORTEZ

ON PETITION FOR WRIT OF MANDAMUS

MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Tijerina and Peña
Memorandum Opinion by Chief Justice Contreras[1]**

By petition for writ of mandamus, relators Melinda Cortez and Adrian Cortez contend that the trial court[2] abused its discretion by refusing to transfer the underlying dispute from Hidalgo County, Texas, to Bastrop County, Texas, based on mandatory

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number C-3846-23-A in the 92nd District Court of Hidalgo County, Texas, and the respondent is the Honorable Luis Singleterry. *See id.* R. 52.2.

venue for suits involving land. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.011. We conditionally grant the petition for writ of mandamus.

## I.    BACKGROUND

Real party in interest Martha Reyna Perez filed suit against relators in Hidalgo County. She alleged the following in her original petition:

4.1    The [relators] took gross advantage of [Perez]. [Perez] purchased 140 Rainbow Lane in Del Valle, Texas. Her fiancé at the time[] purchased a trailer to place on that property. [Perez] and her [fiancé] then had an emotional break up, and he sold the trailer to his friends [relators], who are husband and wife.

4.2    [Perez] made know[n] to [relators] that due to the [breakup], she was emotionally not well and wanted to sell the property. The [relators] seeing an emotional and distraught [Perez] seized an opportunity.

4.3    The [relators] told [Perez] that if they could keep the trailer on the property, they can operate an Airbnb rental and split the money.

4.4    The [relators] then drafted an illegal contract[3] attached hereto as Attachment 1 and sent it to [Perez] in Hidalgo County, Texas. [Perez] signed and executed the agreement in Hidalgo County, Texas.

4.5    The Agreement does not state a legal description of property to transfer and is illegal because it lacks any consideration. Not only that, the agreement attempts to interfere with [Perez's] mortgage on the property. This agreement appears to be an attempt by the [relators] to attach them to [Perez's] property without paying her a single dollar. [Perez] had her property up for sale when [relators] convinced her through the misrepresentations that they could take over payments and make money on their Airbnb venture. From March 2022 to July 2022, [relators] deposited the Airbnb money into their personal accounts. They then opened a joint account in August of 2022 and started it with a $25 balance.

4.6    Shortly after putting the property on Airbnb, the property began renting and money was going into a joint account for [Perez] and

---

[3] The version of Perez's original petition included in the mandamus record does not include the contract that it references; however, the contract is included in other parts of the record.

[relators]. As an Airbnb, it look[ed] like it was going to be a successful venture. The [relators] then made their play for the entire property.

4.7    [Relators] stopped sharing money with [Perez] and withdrew money from the account for personal item[s] and then completely withdrew all the remaining money from the account which totaled $11,537 . . . .

4.8    [Relators] then attempted to extort [Perez] by phoning her [and] telling her while in Hidalgo County that if she attempted to do anything she could get into trouble because they know things about her [e]x-fiancé and the property. [Perez] recorded these calls.

The agreement that Perez references is titled "General Contract Agreement" and provides:

This agreement is made between the first party, <u>Martha Reyna Perez (an individual)</u> and second party, <u>Adrian and Melinda Cortez (a married couple)</u> regarding change of ownership for the property located at 140 Rainbow Lane, Del Valle, Texas 78617. This agreement ensures the benefit of both parties in a 50/50 partnership.

**The first party agrees that they will:**
•    Add the second party to the property deed by February 26, 2023.
•    Assume 50% liability and responsibility.

**The second party covenants and agrees that it will:**
•    Take over the monthly land loan in the amount of $2,190.87 with lender Security Service Federal Credit Union.
    o    Based on today's loan amount and interest rate, the second party agrees to take over the mortgage payments for a period of 10 years.
    o    This can be re-evaluated based on any change in interest rate or if a payment restructuring plan occurs.
•    Assume 50% liability and responsibility.

**Other observed terms between the first and second party:**

•    All contributions towards land and any improvements will be divided 50/50—this will include the mobile home on the property.
•    All proceeds derived from the land and investments are to be divided 50/50 and are to be invested back into the property towards payment and other improvements.

> This agreement becomes effective immediately when signing is complete and notarized by both parties.

The agreement was executed by all parties and was notarized.

Based upon these facts, Perez pursued causes of action against relators for statutory fraud under Texas Business and Commerce Code § 27.01, common law fraud, fraud by nondisclosure, civil theft pursuant to Texas Civil Practice and Remedies Code § 134.001, quantum meruit or unjust enrichment, and money had and received. *See* TEX. BUS. & COM. CODE ANN. § 27.01; TEX. CIV. PRAC. & REM. CODE ANN. § 134.001. She asserted that venue was proper in Hidalgo County because that was where "a substantial part of the events or omissions" giving rise to her claims occurred and because "this cause of action accrued in whole or in part in Hidalgo County, Texas." Perez asserted that relators "communicated and solicited the transaction and fraudulent misrepresentation on which this lawsuit is based to [her] while she was in Hidalgo County, Texas," and that she signed and executed the agreement between the parties there.

Relators responded to Perez's lawsuit by filing an original answer, counterclaim, and motion to transfer venue. *See* TEX. R. CIV. P. 86.1. Relators generally denied Perez's allegations and asserted that they had entered into an agreement with Perez providing that Perez "was to sign a deed to share ownership of 140 Rainbow Lane, Del Valle, Bastrop County, Texas 78617" with relators, and in exchange, relators "were to take over the mortgage on the [p]roperty, assume 50% of the liability related to the [p]roperty, and assist in running an Airbnb rental on the [p]roperty." Relators stated that they made all or almost all of the payments for the loans on the mobile home and the property, that they paid approximately $40,000 to cover Perez's share of expenses, that they were primarily

4

responsible for operating the Airbnb account, and that they had invested approximately $12,500 worth of labor in running the business for their mutual benefit. They thus counterclaimed against Perez for breach of contract and sought reimbursement for $20,000 that Perez allegedly owed as her share of payments for and improvements to the mobile home and property. They further sought specific performance requiring Perez to execute a deed granting them fifty percent ownership of the property.

In their motion to transfer venue, relators objected to venue in Hidalgo County as "improper" and asserted that because the claims in the suit involved an interest in real property, venue for the suit was mandatory in the county where the property was located, Bastrop County, under § 15.011 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.011. Relators further contended that a mandatory venue provision such as § 15.011 controlled over the permissive venue provisions invoked by Perez.

Perez filed a first amended response to relators' motion to transfer venue in which she reiterated her contention that venue was proper in Hidalgo County, characterized the parties' dispute as "based on the misrepresentations that [she] relied on in executing their Airbnb agreement," and argued that relators waived their venue claim by waiting to secure a hearing and by filing a counterclaim in Hidalgo County. She supported her assertions with copies of emails and text messages which she claimed represent communications made to her in Hidalgo County, the agreement showing that she executed the agreement in Hidalgo County, and her affidavit. By affidavit, Perez testified in relevant part that relators "texted, called, and emailed [her] at [her] residence in Hidalgo County" regarding

5

"a business opportunity where if [she] allowed them to place their mobile home on [her] property in Del Valle, Texas we could rent it out as an Airbnb and share the profits." Perez stated that she executed "all agreements concerning our Airbnb arrangements . . . in Hidalgo County, Texas" and that the parties' agreement was to be performed there "where [she] was to receive a portion of the profits from the renting of the Airbnb." Perez further averred that she never transferred her property to relators and that "[a]t all times, [she] has] owned the property made the subject of [her] lawsuit." Perez asserted that her "lawsuit does not make any real property title claims of ownership because [she] own[s] the real property in question." Perez also stated that she "ran the Airbnb operations" from her residence in Hidalgo County; that she kept "records of the bookings, financial information, and communications" there; and that her residence in Hidalgo County "was the center of the operations for the Airbnb although the property was located in a different [c]ounty."

Relators filed a reply to Perez's response addressing her contentions and providing further argument in support of their motion to transfer venue. After a non-evidentiary hearing, the trial court denied relators' motion to transfer venue. This original proceeding ensued. This Court requested and received a response to the petition for writ of mandamus from Perez.

## II.    MANDAMUS

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am*., 148

6

S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that: (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

Under the civil practice and remedies code, "[a] party may apply for a writ of mandamus with an appellate court to enforce the mandatory venue provisions" in Chapter 15 of the Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642. The supreme court has held that "interlocutory review of a trial court's failure to enforce a mandatory venue provision is available only through a writ of mandamus." *Wagner v. Apache Corp.*, 627 S.W.3d 277, 288 (Tex. 2021); *see* TEX. R. CIV. P. 87.6 (stating that "there shall be no interlocutory appeals" from venue determinations). The relator need not show it lacks an adequate remedy by appeal if the trial court clearly abused its discretion regarding the application of a mandatory venue statute. *In re Fox River Real Estate Holdings, Inc.*, 596 S.W.3d 759, 763 (Tex. 2020) (orig. proceeding). In this regard, the trial court has no discretion in determining what the law is or in applying the law to the facts of the case. *Id.*

### III. TEXAS CIVIL PRACTICE AND REMEDIES CODE § 15.011

Section 15.011 of the civil practice and remedies code governs venue regarding land:

> Actions for recovery of real property or an estate or interest in real property, for partition of real property, to remove encumbrances from the title to real property, for recovery of damages to real property, or to quiet title to real

7

property shall be brought in the county in which all or a part of the property is located.

TEX. CIV. PRAC. & REM. CODE ANN. § 15.011; *see In re Custom Home Builders of Cent. Tex. Inc.*, 647 S.W.3d 419, 424 (Tex. App.—San Antonio 2021, orig. proceeding) (noting that "the language in the current version of [§] 15.011 is more expansive than the language in the predecessor statutes"); *see also In re Powell*, 644 S.W.3d 753, 759 (Tex. App.—Texarkana 2022, orig. proceeding [mand. denied]). Section 15.011 provides for mandatory venue. *See Perryman v. Spartan Tex. Six Cap. Partners, Ltd.*, 546 S.W.3d 110, 131 (Tex. 2018); *In re Applied Chem. Magnesias Corp.*, 206 S.W.3d 114, 115 (Tex. 2006) (orig. proceeding); *Yzaguirre v. KCS Res., Inc.*, 53 S.W.3d 368, 371 (Tex. 2001). If § 15.011 applies to one of the claims or causes of action in a case, then all claims and causes of action arising from the same transaction must be brought in the county of mandatory venue. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.004; *In re Fisher*, 433 S.W.3d 523, 534 (Tex. 2014) (orig. proceeding).

To establish that venue is mandatory in a particular county pursuant to § 15.011, the movant must prove: (1) the nature of the lawsuit fits within the categories listed in § 15.011, and (2) all or part of the property at issue is located in the county alleged to have mandatory venue. *In re Custom Home Builders of Cent. Tex. Inc.*, 647 S.W.3d at 427; *In re Harding*, 563 S.W.3d 366, 370-71 (Tex. App.—Texarkana 2018, orig. proceeding); *In re Signorelli Co.*, 446 S.W.3d 470, 473 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding).

To determine whether the nature of the lawsuit fits within the categories listed, we look at the "essence" of the parties' dispute. *In re Applied Chem. Magnesias Corp.*, 206

8

S.W.3d at 119; *see Sustainable Tex. Oyster Res. Mgmt. L.L.C. v. Hannah Reef, Inc.*, 491 S.W.3d 96, 107 (Tex. App.—Houston [1st Dist.] 2016, pet. denied); *In re Signorelli Co.*, 446 S.W.3d at 474; *see also Yzaguirre v. KCS Res., Inc.*, 53 S.W.3d 368, 371 (Tex. 2001) (examining the "substance of the dispute"). In doing so, we examine the facts alleged in the petition, the rights asserted, and the relief sought. *In re Signorelli Co.*, 446 S.W.3d at 474; *In re Kerr*, 293 S.W.3d 353, 356 (Tex. App.—Beaumont 2009, orig. proceeding [mand. denied]); *Airvantage, L.L.C. v. TBAN Props. #1, L.T.D*, 269 S.W.3d 254, 258 (Tex. App.—Dallas 2008, no pet.). We do not rely on how the causes of action are described or characterized by the parties. *In re Signorelli Co.*, 446 S.W.3d at 474; *In re Grp. 1 Realty, Inc.*, 441 S.W.3d 469, 473 (Tex. App.—El Paso 2014, orig. proceeding); *In re City Nat'l Bank*, 257 S.W.3d 452, 454 (Tex. App.—Tyler 2008, orig. proceeding [mand. denied]). Thus, "mandatory venue provisions may not be evaded merely by artful pleading." *In re Kerr*, 293 S.W.3d at 358.

## IV.    WAIVER

Perez contends that relators waived their motion to transfer venue because they failed to timely secure a hearing and ruling on their motion. Relators filed their motion to transfer venue on October 10, 2023. The record before us does not contain Perez's initial response to the motion to transfer venue, but relators filed a reply thereto on April 8, 2024, and Perez filed her first amended response on April 11, 2024. The trial court held its hearing on the motion to transfer venue on June 4, 2024, and issued its ruling two days later on June 6, 2024. Relators assert that they "waited approximately 5 months before

9

requesting a hearing, in part due to attempting settlement negotiations" with Perez, and that "such a minimal delay" does not justify a finding of waiver.

Texas Rule of Civil Procedure 87 addresses the duty to obtain a hearing on a motion to transfer venue:

> The determination of a motion to transfer venue shall be made promptly by the court and such determination must be made in a reasonable time prior to commencement of the trial on the merits. The movant has the duty to request a setting on the motion to transfer. Except on leave of court each party is entitled to at least 45 days['] notice of a hearing on the motion to transfer.
>
> Except on leave of court, any response or opposing affidavits shall be filed at least 30 days prior to the hearing of the motion to transfer. The movant is not required to file a reply to the response but any reply and any additional affidavits supporting the motion to transfer must, except on leave of court, be filed not later than 7 days prior to the hearing date.

TEX. R. CIV. P. 87.1. Rule 87.1 does not state that the request for a hearing must be made within any particular time, except to say that the court must rule on the motion within "a reasonable time" prior to trial. *Id.*; *see also In re Eastman Chem. Co.*, No. 13-18-00268-CV, 2019 WL 2529042, at *5 (Tex. App.—Corpus Christi–Edinburg June 20, 2019, orig. proceeding) (mem. op.).

Delay in obtaining a hearing may provide grounds for the trial court to deny a motion to transfer venue. *Bristol v. Placid Oil Co.*, 74 S.W.3d 156, 160 (Tex. App.—Amarillo 2002, no pet.). However, cases finding waiver due to lack of diligence in securing a hearing and ruling are based on more substantial periods of delay than that at issue here. *See Smith v. Smith*, 541 S.W.3d 251, 257 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (concluding that the movant waived its motion to transfer venue due to a delay of "nearly a year" before having the motion heard and an additional six-month delay before

10

the movant submitted a proposed order); *Carlile v. RLS Legal Sols., Inc.*, 138 S.W.3d 403, 408 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (noting that a delay of fourteen months indicated a lack of diligence); *Cliff Jones, Inc. v. Ledbetter*, 896 S.W.2d 417, 419 (Tex. App.—Houston [1st Dist.] 1995, no writ) (finding waiver where "no active effort was made to obtain a ruling until seven months after the trial was completed"); *Whitworth v. Kuhn*, 734 S.W.2d 108, 111 (Tex. App.—Austin 1987, no writ) (stating that the trial court could have denied a motion to transfer venue because the movant waited more than a year to request a hearing); *see also CMH Set & Finish, Inc. v. Taylor*, No. 05-14-01407-CV, 2016 WL 1254063, at *6 (Tex. App.—Dallas Mar. 31, 2016, pet. denied) (mem. op.) (collecting cases involving delays between one year and 32 months).

Perez also generally asserts that relators waived venue by virtue of filing a counterclaim; however, relators filed their counterclaim concurrently with, and in the same document, as their original answer and motion to transfer venue. *See* TEX. R. CIV. P. 86.1 ("An objection to improper venue is waived if not made by written motion filed prior to or concurrently with any other plea, pleading or motion except a special appearance motion provided for in Rule 120a."); *id.* R. 86.2 ("The motion objecting to improper venue may be contained in a separate instrument filed concurrently with or prior to the filing of a movant's first responsive pleading or the motion may be combined with other objections and defenses and included in the movant's first responsive pleading."). Thus, relators' motion to transfer venue was not waived by virtue of the timing regarding its counterclaim. Further, filing a counterclaim is not the type of action that constitutes an expressed or implied waiver of a venue challenge. *See Carlile*, 138 S.W.3d at 406 ("A party

11

may . . . expressly waive venue rights by clear, overt acts evidencing an intent to waive, or impliedly, by taking some action inconsistent with an intent to pursue the venue motion."); *see, e.g.*, *In re Martinez*, 592 S.W.3d 170, 177 (Tex. App.—Tyler 2019, orig. proceeding) (collecting cases). The record does not demonstrate that relators engaged in any acts showing that they did not intend to pursue their motion to transfer venue or that were otherwise inconsistent with their position in the motion. We conclude that the record fails to show that relators waived their objection to venue.

## V.     ANALYSIS

Relators contend by one issue that the trial court abused its discretion by denying their motion to transfer venue to Bastrop County based upon mandatory venue regarding the location of the property at issue in the lawsuit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.011. Perez contends, instead, that venue properly lies in Hidalgo County because it is the county in which all or a substantial part of the events giving rise to her claims occurred. *See id.* § 15.002(a)(1).[4]

We begin by examining Perez's contentions regarding proper venue. She denies that her suit involves land and asserts that she filed suit against relators "for appropriating and taking money from a partnership agreement account." She describes her lawsuit as

---

[4] Perez also contends that relators did not provide evidence in support of their contention that mandatory venue rests in Bastrop County, but she does not expressly present argument that mandamus should be denied on this ground. In any event, Perez did not specifically deny that the property at issue was located in Bastrop County, and we examine the facts alleged in Perez's petition, the rights asserted, and the relief sought to determine if the nature of the suit fits within those listed in § 15.011. *See In re Signorelli Co.*, 446 S.W.3d 470, 473 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding) (discussing the two "venue facts" that must be established to show that venue is mandatory under § 15.011); *In re City Nat'l Bank*, 257 S.W.3d 452, 454 (Tex. App.—Tyler 2008, orig. proceeding [mand. denied]) (same); *In re Stroud Oil Props., Inc.*, 110 S.W.3d 18, 24 (Tex. App.—Waco 2002, orig. proceeding) (same).

12

one for "money damages" based on tort claims. However, we do not rely on Perez's characterization of her claims or causes of action in determining venue. *See In re Signorelli Co.*, 446 S.W.3d at 474; *In re Grp. 1 Realty, Inc.*, 441 S.W.3d at 473; *In re City Nat'l Bank*, 257 S.W.3d at 454. Rather, we examine the essence or substance of the parties' dispute. *See In re Applied Chem. Magnesias Corp.*, 206 S.W.3d at 119; *Sustainable Tex. Oyster Res. Mgmt. L.L.C.*, 491 S.W.3d at 107; *In re Signorelli Co.*, 446 S.W.3d at 474.

Perez further asserts that relators are attempting to improperly secure venue in Bastrop County by virtue of their "breach of contract counterclaim" and that such a counterclaim does not fall within the purview of a mandatory venue provision. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.062(a) ("Venue of the main action shall establish venue of a counterclaim, cross claim, or third-party claim properly joined under the Texas Rules of Civil Procedure or any applicable statute."). Contrary to Perez's assertions, we examine venue based not on relators' counterclaim but on the facts that she alleged in her petition, the rights she asserted, and the relief she sought. *See In re Signorelli Co.*, 446 S.W.3d at 474; *In re Kerr*, 293 S.W.3d at 356; *Airvantage, L.L.C.*, 269 S.W.3d at 258.

Finally, Perez alleges that she pleaded and proved that Hidalgo County was a county of proper venue by virtue of her evidence that relators sent communications to her in Hidalgo County, she executed the parties' agreement there, and she kept the financial records and accessed the online financial records for the Airbnb there. Perez thus asserts that she has proven that venue is proper in Hidalgo County under the general permissive venue statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(1). However, "when

13

both a mandatory and a permissive venue statute apply to a suit, the permissive statute must yield to the mandatory statute*." Perryman*, 546 S.W.3d at 130. We thus proceed with our analysis regarding mandatory venue.

Here, Perez does not dispute that the property at issue is located in Bastrop County, but she disagrees that the nature of the lawsuit fits within the categories listed in § 15.011. Accordingly, we look at the essence of the parties' dispute and examine the facts, rights, and relief discussed in Perez's petition. *See In re Signorelli Co.*, 446 S.W.3d at 474; *In re Kerr*, 293 S.W.3d at 356. In it, she states that she "wanted to sell the property," but relators took advantage of her emotional state and convinced her to allow them to keep their trailer on the property, operate an Airbnb, and split the income. She alleged that relators "drafted an illegal contract" which "does not state a legal description of property to transfer," "attempts to interfere with [Perez's] mortgage on the property," and "appears to be an attempt by [relators] to attach [themselves] to [Perez's] property without paying her a single dollar." Perez stated that she "had her property up for sale when [relators] convinced her through [their] misrepresentations that they could take over payments and make money on their Airbnb venture." After the venture began, Perez alleged that relators "made their play for the entire property."

Perez asserted that relators made false representations in order to induce her "into the contract," and did not disclose that "they would keep the money" and then attempt "to extort her to transfer over her property," or "giv[e] them a share of the property when [she] sells it," or "get[] a portion of sales from the sale of her property." Perez alleged causes of action for, *inter alia*, statutory fraud in a transaction involving real estate and common law

14

fraud regarding her execution of the agreement. In addition to actual damages, including disgorgement of the Airbnb profits that relators allegedly removed from the parties' joint bank account, Perez sought rescission of the agreement.

The agreement itself states that it is "regarding change of ownership for the property located at 140 Rainbow Lane, Del Valle, Texas 78617." It further provides that Perez agreed to add the relators to the property deed and to assume fifty percent liability and responsibility. The agreement requires relators to "[t]ake over the monthly land loan," "take over the mortgage payments for a period of 10 years," and assume fifty percent liability and responsibility. The agreement further provides that "contributions toward land and any improvements will be divided 50/50," and "proceeds derived from the land and investments are to be divided 50/50 and are to be invested back into the property toward payment and other improvements."

Based on the facts alleged in Perez's pleadings, we conclude that the essence or substance of the dispute between the parties involves, at its core, ownership and the transfer of title to the property and the development of a business on the property. *See In re Applied Chem. Magnesias Corp.*, 206 S.W.3d at 119; *see also Yzaguirre*, 53 S.W.3d at 371. As a threshold matter, we note that one of Perez's causes of action is specifically predicated on fraud in a real estate transaction under the business and commerce code § 27.01(a). *See* TEX. BUS. & COM. CODE ANN. § 27.01(a). More saliently, the resolution of Perez's suit will have an effect on the ownership of the property insofar as Perez seeks rescission of the agreement requiring her to change ownership of the property by adding relators to the property deed. *See In re Signorelli Co.*, 446 S.W.3d at 475–76 (determining

15

that mandatory venue applied in an action seeking rescission of an agreement conveying land); *In re Hardwick*, 426 S.W.3d at 162–63 (concluding that mandatory venue applied in an action for breach of contract and fiduciary duty where the remedy sought included the forfeiture of mineral interests); *In re Lemons*, 281 S.W.3d 643, 647 (Tex. App.—Tyler 2009, orig. proceeding) (concluding that "a suit to impose a constructive trust on real property is a suit for the recovery of real property"); *In re City Nat'l Bank*, 257 S.W.3d at 455 (stating that "a suit to cancel a deed of trust procured by fraud is a suit to remove an encumbrance from title and affects an interest in land"); *see also In re Wildcat Midstream Holdings II, LLC*, No. 13-17-00522-CV, 2017 WL 5486056, at *5 (Tex. App.—Corpus Christi–Edinburg Nov. 15, 2017, orig. proceeding) (mem. op.). Perez further seeks to recover income and profits derived from the Airbnb business located on the property, which by contract are to be divided and "invested back into the property towards payment and other improvements." *See In re Kerr*, 293 S.W.3d at 358 ("When the underlying issue that a plaintiff must prove to show its entitlement to damages involves proof of the ownership rights to mineral interests, [§] 15.011 applies."); *Madera Prod. Co. v. Atl. Richfield Co.*, 107 S.W.3d 652, 659 (Tex. App.—Texarkana 2003, pet. denied in part, dism'd in part) (concluding that a contract claim for damages to ownership right to a real property interest was subject to mandatory venue where the property was located).

Based on the foregoing, we conclude that Perez's lawsuit comprises one of the actions encompassed by § 15.011 insofar as she seeks to recover the interest in the property that she had agreed to deed to relators or otherwise to remove their claim to title of the property. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.011. Accordingly, the trial

court abused its discretion by denying relators' motion to transfer venue. We sustain the sole issue presented in this original proceeding.

## VI.    CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, Perez's response, and the applicable law, is of the opinion that relators have met their burden to obtain relief. Accordingly, we conditionally grant the petition for writ of mandamus. We direct the trial court to vacate its June 6, 2024 order denying relators' motion to transfer venue and to transfer the suit to Bastrop County. Our writ of mandamus will issue only if the trial court fails to promptly comply.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
30th day of July, 2024.